# JOHN B. MARTIN

*vs.*

## JAMES M. MUNROE, Admr. of the Estate of Louisa May Martin, Deceased, JOHN F. MARTIN and SUSANNA V. MARTIN.

*Savings bank deposits: by husband for and in name of wife; title; surviving husband; administration. Evidence: conversations and transactions with deceased party.*

Certain earnings and savings of a wife, together with certain moneys, gifts from her husband, were deposited by the latter to the wife's account in a savings bank; the wife could not write, and her signature was written by the husband in the identification book; when withdrawals were made, it was always by check drawn to the order of the wife and signed and endorsed by the husband in her name; *held,* that the authority possessed by the husband to withdraw the money of the wife at his pleasure did not invest him with the ownership of the account.

p. 683

The bank was the depository of her savings and of the perfected gifts by the husband, and her title thereto was not divested merely because her incapacity made it necessary and proper for her husband to have entire charge of her interests.

p. 683

The husband's management of the account was to be attributed to his implied agency for his wife, and not to the assertion for himself of an absolute ownership of the money; his right to withdraw the fund could be exercised only in her name and by virtue of an express or implied agency.          p. 683

In such a case, upon the death of the wife intestate, the balance of the moneys so deposited to her account, passed to her estate, and was not to be treated by the husband as his own.

p. 684

In a proceeding by a surviving husband for certain moneys which had been deposited by him in bank to his wife's account and in her name, it was *held,* that under section 3, Article 35, of the Code of 1912, prohibiting a party to a cause from testifying as to any transaction had with or statements made by a decedent, etc., his testimony was inadmissible to show that all of such deposits were made with his individual money, and that his wife never had any interest in the account.    pp. 684-685

Proof by other witnesses as to declarations by the wife, made a short time before her death, referring to the deposits to her credit as owner, and as being subject to her right of disposition, but which were made out of the presence of her husband, were held to be inadmissible.       p. 685

The authority of an agent is presumed to be consistent with the interest and title of his principal.       p. 684

*Decided December 2nd, 1913.*

Appeal from the Circuit Court for Anne Arundel County, in Equity (BRASHEARS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Jerry L. Smith* and *Nicholas H. Green,* for the appellant.

*Robert Moss* and *James M. Munroe,* for the appellees.

URNER, J., delivered the opinion of the Court.

In January, 1894, an account was opened in the Annapolis Savings Institution in the name of Louisa May Martin. At the time of her death in November, 1909, the balance credited was $6,030.50. The ownership of this fund is the subject of the present litigation. The appellant, who is the surviving husband of the decedent, claims the deposits on the theory that they were made exclusively with his individual money, that the account was always subject to his control, and that no gift of the funds was ever intended. This claim is resisted by the two children of the appellant and of his deceased wife, who assert that the account represents in large part their mother's own savings from a business conducted by her for many years, and that any contributions which their father may have made to the deposits must be regarded as completed gifts. Shortly after the death of his wife the appellant withdrew the money under an order which he signed in her name. He later paid it over to the appellee administrator, who now holds it subject to the determination of the question of title. A bill in equity against the other parties interested was then filed by the appellant claiming the ownership of the fund upon the grounds stated. The Court below was unable to sustain the claim upon the proof in the case, and the record is before us upon appeal from a decree dismissing the bill. There are exceptions to certain portions of the testimony, and we shall accordingly recite only such facts as are established by what we regard as the weight of the competent evidence.

When the account now in dispute was opened in 1894 the appellant was a harness dealer and his wife kept a small confectionary store. They withdrew from these enterprises in the course of a few years, and since 1897 Mr. Martin has been conducting a saloon, while Mrs. Martin was engaged in the work of providing sandwiches and other edibles for sale at the bar. The part of the business in which his wife was thus interested was treated as her independent undertaking, and the profits, amounting at times to as much as fifteen dollars

per week, were regularly set apart as belonging to her individually. Her savings from this source during the long period indicated must have been considerable, as she was a frugal and thrifty woman and her husband was able to support the family without aid from her earnings. The evidence shows that Mrs. Martin could not read or write. The account in the Annapolis Savings Institution was opened in her name by her husband and her signature was written by him in the identification book. She was not present at the bank on that or any other occasion. The sums deposited from time to time were usually taken to the bank by Mr. Martin or by a messenger. The appellant's son, John F. Martin, testified that he was occasionally sent there by his father to deposit some of his mother's savings. There were a number of withdrawals from the account, and these were invariably made by checks drawn to the order of Mrs. Martin and signed and endorsed by her husband in her name. There is no suggestion as to the existence of any other assets representing her accumulated profits, and we can have no doubt, upon the record before us, that they were placed in the Savings Institution.

The appellant had an account in his own name in The Farmers' National Bank of Annapolis. It is shown by the proof that checks on this account were drawn by Mr. Martin to the order of his wife and were endorsed by him in her name for deposit to her credit in the other bank. According to the testimony of the son, John F. Martin, some of these checks were given for his mother's savings which his father had held for a time. But the aggregate of the checks drawn by the appellant on the Farmers' National Bank and deposited to the credit of Mrs. Martin in the Annapolis Savings Institution apparently exceeded the total amounts she could reasonably be supposed to have derived from her business. To the extent of this excess the deposits so entered may have been intended as re-payments of the withdrawals to which we have referred, or they may have been made simply as gifts from the husband to the wife. In either event they were placed by the appellant to his wife's credit in a bank

account which was not only kept in her name, but in which her own money was currently deposited.

In view of the conditions we have described the appellant's contention is clearly not sustainable. If his wife had survived *him,* there is obviously no legal or equitable principle upon which her title to the fund could be denied. If his claim to the deposits were to be now recognized after her death, it would have to be solely upon the ground that the bank account of his illiterate wife was subject, while she lived, to his unrestricted control. The decision of the case could not justly be based upon such a theory. The authority possessed by the husband to withdraw the money of the wife at his pleasure did not invest him with the ownership of the account. It was the depositary of her own savings, and her title was not divested merely because her incapacity made it necessary and proper for her husband to have entire charge of her interests. If it be assumed that some of the deposits to the credit of Mrs. Martin in the Savings Institution were made by the appellant with his own funds, upon which his wife originally had no claim, the amounts so placed in her account must, under the circumstances, be regarded as perfected gifts, and they could not properly be held to have been deprived of that character simply because of the husband's ability to make withdrawals. His management of the account must be attibuted to his implied agency for his wife and not to the assertion for himself of an absolute ownership of her money. If Mrs. Martin had been capable of attending personally to her finances and had been in actual control of her funds in bank, it is clear that deposits by her husband to her credit and subject to her order in her current account would be presumed to be completed donations. In such case the subject of the gifts would plainly have passed under the dominion of the donee and beyond the donor's power of recall. This, in its essential legal aspects, is the condition with which we have now to deal. It is proven in the case that according to the practice of the Savings Institution money could not be withdrawn from an account except upon the order of the per-

son to whose credit it was entered. The checks upon Mrs. Martin's account were drawn and endorsed in her name by her husband, and were honored by the bank, upon the evident theory that he was invested with authority from his wife for that purpose. His right to withdraw the funds could be exercised only in her name and by virtue of an express or implied agency. The authority of the agent is presumed to be consistent with the interest and title of his principal, and in such a case as the present we can have no difficulty in holding that deposits by the husband in the wife's bank account were not ineffective as gifts simply because her affairs were of necessity left so completely in his hands.

There is no occasion to review in this opinion the various cases to which we have been referred upon the subject of gifts in the form of bank deposits. The decisions cited were all governed by circumstances which differed materially from those now under review. The principles relating to gifts *inter vivos* are too well settled and familiar to require discussion. The only question in any case is as to their application to the particular facts. Upon the present record we have been unable to reach any other conclusion as to the title to the money in dispute than the one we have indicated.

The testimony of the appellant has been excluded from our consideration of the case in so far as his statements relate to the ownership of the fund. It is provided by Article 35, section 3 of the Code that in such an action as the present no party to the cause shall be allowed to testify as to any transaction had with or statement made by the decedent, except under conditions which do not here exist. It has been urged that the appellant's testimony is admissible because it describes transactions which occurred with the Savings Institution and not with his deceased wife. In our view of the case the prohibition of the statute is clearly applicable. The effect of the appellant's narrative, if admitted, would be to show that all of the deposits to his wife's credit were made with his individual money and that she never had any interest in the account. It is difficult to see how any evidence could more

immediately affect her rights. The disposition by the appellant of funds deposited in his wife's name and subject to her order could hardly be regarded otherwise than as a transaction with the wife, and his denial of her interest in the account is not sufficient to exempt him from the disqualification of the statute.

We have likewise excluded, under the Code provision cited, the testimony of the appellee, John F. Martin, as to acts and declarations of his mother in reference to the earning and deposit of the profits from her business. It has not been necessary, however, to disregard the statement of this witness as to his being sent to bank by his father with his mother's savings. This related to a transaction between the witness and a living party to the suit, and it is not affected by the terms or intent of the Act.

Objection was made to the proof by other witnesses of declarations by Mrs. Martin a short time before her death, referring to the deposits to her credit in bank as her own and as being subject to her right of disposition. These assertions of ownership appear to have been made out of the presence of her husband, and in view of previous decisions of this Court they have not been considered. *Duvall* v. *Hambleton,* 98 Md. 12; *Taylor* v. *Brown,* 65 Md. 371.

Upon the admissible evidence in the case we concur in the conclusion of the learned Court below, and the decree will accordingly be affirmed.

*Decree affirmed; the costs to be paid out of the fund.*