## WOODS v. UNITED STATES. †

(Circuit Court of Appeals, Fifth Circuit. December 7, 1909.)

No. 1,966.

1. CRIMINAL LAW (§ 1167*)—APPEAL AND ERROR—REVIEW—HARMLESS' ERROR.

A general verdict and judgment on an indictment containing several counts cannot be reversed on error, if any one of the counts is good and warrants the judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3101; Dec. Dig. § 1167.*]

2. CRIMINAL LAW (§ 728*) — APPEAL AND ERROR — REVIEW — HARMLESS ERROR —REMARKS OF COUNSEL.

A judgment in a criminal case will not be reversed by an appellate court because of improper remarks made by the district attorney, where a mistrial was not asked to be entered at the time, and the jury were instructed to disregard such remarks, and did so, as evidenced by their acquittal of the defendant on the count to which they particularly related.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1689–1691; Dec. Dig. § 728.*]

In Error to the District Court of the United States for the Western District of Texas.

Will F. Woods was convicted of a criminal offense, and brings error. Affirmed.

William Aubrey and Henry Terrell, for plaintiff in error.

Chas. A. Boynton, for the United States.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In this case six counts of the indictment were submitted to the jury, and a verdict was rendered thereon finding the defendant guilty upon the second, third, fifth, sixth, and ninth, and the court assessed punishment upon this verdict under all said five counts by a general sentence of eight years.

Under the statute involved (section 5209, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3497]) this sentence is one that could have been imposed under each individual count.

We find that count 3, on which the defendant was found guilty, is good in form, sufficient in substance, and that the evidence warranted the jury in convicting thereon.

It is well settled that a general verdict and judgment on an indictment containing several counts cannot be reversed on error, if any one of the counts is good and warrants the judgment. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 596, 14 Sup. Ct. 934, 38 L. Ed. 830; Goode v. United States, 159 U. S. 669, 16 Sup. Ct. 136, 40 L. Ed. 297.

In Claasen v. United States, supra, it is said:

"This count, by a verdict of guilty returned upon it, being sufficient to support the judgment and sentence, the question of the sufficiency of the other counts need not be considered."

---

In relation to such assignments of error as assert reversible error on account of the language of the district attorney in argument to the jury, which it is claimed commented upon the right of the defendant to testify in his own behalf, we are of opinion that as the defendant did not at the time ask to have a mistrial entered, and as at the time the trial judge directed the jury to disregard the statement of the district attorney, and as the jury acquitted the defendant upon the count to which the district attorney's remarks particularly related, showing that they were not prejudiced by said remarks, the said assignments of error are not well taken.

On the whole record, we find no reversible error, and the judgment of the District Court is affirmed.