ELEVEN GROSS PACKAGES, MORE OR LESS, OF DR. WILLIAMS' PINK PILLS v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 22, 1916.)

No. 2080.

1. DRUGGISTS ⬤➡11—MISBRANDING OF DRUGS—FORFEITURE.
Under Food and Drugs Act (June 30, 1906, c. 3915, 34 Stat. 771) § 8, as amended by Act Aug. 23, 1912, c. 352, 37 Stat. 416 (Comp. St. 1913, § 8724), declaring that drugs are misbranded if the package or label shall contain any statement regarding the curative effect of such drug which is false or fraudulent, the only question in a proceeding to forfeit drugs on the ground that they were misbranded is whether statements on the label were false, and, if so, whether they were fraudulent.
[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 10; Dec. Dig. ⬤➡11.]

2. DRUGGISTS ⬤➡11—DRUGS—FORFEITURE—EVIDENCE.
In a proceeding to forfeit drugs as being misbranded under the Food and Drugs Act, where there was evidence that the drugs were stated to benefit locomotor ataxia, testimony by a medical expert that in the opinion of doctors generally such drugs would not have any curative effect is admissible, over objections that it was opinion evidence.
[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 10; Dec. Dig. ⬤➡11.]

3. DRUGGISTS ⬤➡11—DRUGS—JURY QUESTION.
Whether pills were misbranded under the Food and Drugs Act, and so subject to forfeiture, held under the evidence a question for the jury.
[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 10; Dec. Dig. ⬤➡11.]

4. DRUGGISTS ⬤➡11—DRUGS—MISBRANDING.
In a proceeding under the Food and Drugs Act to forfeit pills on the ground that the labels stating their curative properties were false and fraudulent, charges that the jury should determine whether the pills were sold with an honest belief that they were efficacious for the purposes stated on the labels, and that, if the labels were written with intent to create an impression that the pills were efficacious for diseases which the sellers knew or must have known they were not, then the labels were false and fraudulent, were proper.
[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 10; Dec. Dig. ⬤➡11.]

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Libel by the United States of America against Eleven Gross Packages, More or Less, of Dr. Williams' Pink Pills, claimed by the Dr. Williams Medicine Company. There was a decree of forfeiture, and claimant brings error. Affirmed.

James Collins Jones, of Philadelphia, Pa., and H. B. Thompson, of Washington, D. C., for plaintiff in error.

Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the United States filed a libel to forfeit certain packages of pills. Thereupon the Dr. Williams Medicine Company claimed the packages seized, answered the libel, and the case proceeded to trial. After a verdict for the plaintiff and a decree of forfeiture, the claimant sued out this writ.

[1] The claim of forfeiture is based on an alleged misbranding of the packages of pills in violation of an amendment to the Food and Drugs Act, passed August 23, 1912, which provides:

"That for the purposes of this act an article shall also be deemed to be misbranded: In case of drugs: * * * Third. If its package or label shall bear or contain any statement, design, or device regarding the curative or therapeutic effect of such article or any of the ingredients or substances contained therein, which is false and fraudulent." Comp. St. 1913, § 8724.

The errors alleged group themselves into rulings on evidence, answers to points, and exceptions to the court's charge. Without entering into a discussion of the many refined questions of words, terms, and medical theories with which the general subject is beclouded, we may say that to our mind the words used in the statute are clear in meaning, and the court below tried the case on that basis. The purpose of the act was, in the branding of drugs, to punish false and fraudulent statements regarding the curative or therapeutic effect of such drug or any of its ingredients. It follows, therefore, the case below resolved itself into two questions: First, were the statements regarding the curative or therapeutic effects of these pills false; and, second, were they fraudulent?

[2] Without citing in detail the rulings of the court in admitting the evidence, in answering the points, and in charging the jury, we may say the court consistently adhered to admitting proof and directing the attention of the jury in points and charge to the two decisive elements of the branding being false and fraudulent. Limiting our extracts to locomotor ataxia alone, we note the branding complained of made the statement that the pills were:

"Useful in locomotor ataxia and partial paralysis. * * * This remedy is offered to the public with full confidence in its efficacy in the treatment of diseases arising from or dependent upon impoverished blood, * * * rheumatism, leucorrhoea. * * * These pills are a valuable remedy for * * * sciatica, * * * and have accomplished beneficial results in * * * partial paralysis and locomotor ataxia. * * * Cases diagnosed

as locomotor ataxia and as partial paralysis, and having characteristic symptoms have shown beneficial results under this tonic treatment, and in the cases under observation the resulting improvement has been lasting."

The libel alleged that:

"These statements were false and fraudulent in this: That they indicated to the purchaser thereof, and created in the minds of the purchasers thereof, the impression and belief that the said article was a remedy for, when in fact it was not a remedy for, locomotor ataxia, partial paralysis," etc.

And that:

"These statements were false and fraudulent in this: That they indicated to the purchaser thereof, and created in the minds of the purchasers thereof, the impression and belief that the said article was a remedy for, when in fact it was not a remedy for, partial paralysis, locomotor ataxia, etc., which statements were made with the knowledge of their falsity, and in reckless and wanton disregard of their truth or falsity, for the purpose of defrauding purchasers."

In support of its case, the government called several witnesses, physicians of proven ability, knowledge, and experience, who testified that the pill would not, and why it could not, have any beneficial effects in locomotor ataxia and the other diseases named. They also testified to the fact that medical opinion was unanimous in so saying. It was also shown, and all of this without contradiction, that the pill was practically the well-known Blaud pill, used generally in medical practice. It is complained, however, that the testimony of these witnesses was not competent, being a mere expression of their personal opinions or views. But an examination of the proofs shows that the case was wholly different from one where witnesses were testifying to their personal views upon a controverted question of opinion. The testimony here was of fact, namely, that there was general, uncontroverted consensus of opinion. For example, referring to the effect of these pills, the proofs were:

"Q. How about locomotor ataxia? A. Utterly useless. Q. Is there any difference at all in medical opinion on that point? A. I should say not, as far as I know medical opinion. * * * Q. Is there anything known to medicine that can have a beneficial effect upon all these various troubles in one pill? A. No, sir. Q. Is there any difference of medical opinion on that point? A. None whatever. I think medical opinion would be unanimous on that."

[3, 4] In the absence of countervailing proof in such matters, it was manifestly a question for the jury to determine the fair or fraudulent character of the branding statement. This question the court left to it, saying:

If they were satisfied "that the pills were shipped in interstate commerce, with an honest belief on the part of those responsible for making the statement that they would do just what was stated on the label they would do, then it would be your duty to return a verdict in favor of the defendant."

Referring to such statements, the court further said:

"You will take those facts into consideration, and determine whether or not it was the intention of this language, interpreting it as an ordinarily intelligent man would, on the part of the claimants to convey the impression that they were to cure or act as a remedy for the diseases and ailments, even where the language does not directly say so. If it was the intention to so frame a statement that it conveyed those impressions, and those statements

were false, and they are known to be false, or you can infer the intention to defraud, then it would be your duty to return a verdict in favor of the government. If you do not find that intention, of course, you will return a verdict in favor of the defendant."

So, also, in answer to points, the court said, in substantial accord with Cooper v. Schlesinger, 111 U. S. 148, 4 Sup. Ct. 360, 28 L. Ed. 382, and Lehigh Co., etc., v. Bamford, 150 U. S. 665, 14 Sup. Ct. 219, 37 L. Ed. 1215:

"If you find it as a fact that the statements were false, and known to be false, then, of course, your verdict would be for the government. If you find as a fact that they were not false, or that, being false, there was no intent on the part of the defendant, whether actual intent or implied intent, to defraud, then your verdict would be for the claimant."

"If you believe from the evidence that any one of the therapeutic claims as to the effect of these pills upon locomotor ataxia, St. Vitus' dance, sciatica, rheumatism, impotence, spermatorrhœa, or partial paralysis was false, and was made by the claimant with a reckless and wanton disregard as to whether it was true or false, you may find a verdict for the government."

On the whole, we may say the cause was properly tried and fairly submitted, and, finding no error in the rulings, charge, points, or answers in the court below, its decree is affirmed.