DOSSET v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 11, 1918.)

No. 4873.

1. INDIANS ⬳38(4)—INTRODUCTION OF INTOXICATING LIQUOR INTO INDIAN TERRITORY—INDICTMENT.

In view of Rev. St. § 1025 (Comp. St. 1916, § 1691), declaring that no indictment shall be deemed insufficient by reason of any defect or imperfection in the matter of form only, an indictment charging that accused, "in the county of Jefferson, state of Oklahoma, in the district and within the jurisdiction of said court, did * * * unlawfully, knowingly, willfully, and feloniously introduce and carry into the county and district from without the state of Oklahoma * * * intoxicating liquor, * * * the portion of the county and district into which the liquor was so introduced having been within the limits of the Indian Territory and a part thereof prior to admission," must be deemed sufficient to charge the offense of introducing from without intoxicating liquor into that portion of the state of Oklahoma which was formerly the Indian Territory, for, while the indictment was subject to criticism as to form, it was sufficient to advise accused of the offense with which he was charged, and in event of conviction would have supported a plea of former jeopardy.

2. CRIMINAL LAW ⬳822(18)—INSTRUCTIONS—CONSTRUED AS A WHOLE—IGNORING DEFENSE.

In a prosecution for introducing intoxicating liquors from without into that part of the state of Oklahoma formerly the Indian Territory, where defendant, who, with companions, motored into the state, claimed that liquor which he placed in the car was consumed before the state line was reached, and that the liquor found was placed in the machine by others, a charge that only that found in the state of Oklahoma should be considered could not, in view of the other charges, be deemed to have taken the defense from the jury.

3. CRIMINAL LAW ⬳829(1)—INSTRUCTIONS COVERED BY CHARGE.

The refusal of a requested charge, fully and accurately covered by the general charge, is proper.

4. CRIMINAL LAW ⬳811(4)—INSTRUCTIONS EMPHASIZING PARTICULAR MATTER.

A charge on reasonable doubt, which singled out and emphasized a particular matter, though it was not vital to the case, was properly refused.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Bill Dosset was convicted of the offense of carrying liquor from a point outside the state of Oklahoma into that part of the state which prior to statehood was part of the Indian Territory, and he brings error. Affirmed.

F. E. Riddle, of Tulsa, Okl. (Harry Hammerly, of Chickasha, Okl., on the brief), for plaintiff in error.

Archibald Bonds, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

BOOTH, District Judge. Dossett, defendant below, was convicted of the offense of carrying liquor from a point outside the state of Oklahoma into that part of the state which prior to statehood was a part of the Indian Territory. The case is here on writ of error, and counsel for defendant urge for consideration the following assignments of error:

No. 3. Refusal by the court below to give certain requested instructions to the jury.

No. 2. Giving by the court below that part of the charge to which specific objection was taken.

No. 4. Overruling the demurrer to the indictment.

These assignments will be taken up in reverse order.

[1] The demurrer interposed contained the following grounds:

(1) "That said indictment is insufficient, and fails to allege facts showing that defendant is guilty of violating any of the laws of the United States."

(2) "That said indictment fails to allege facts sufficient to show that defendant has been guilty of introducing intoxicating liquors into the Indian country within the purview of the act of Congress."

The indictment contains the following language:

"That one Bill Dossett, on the 13th day of August, A. D. 1916, in the county of Jefferson, state of Oklahoma, in the said district and within the jurisdiction of said court, did at the time and place aforesaid, unlawfully, knowingly, willfully, and feloniously introduce and carry into the county and district aforesaid, from without the said state of Oklahoma, one quart of vinous, malt, fermented, and intoxicating liquor, to wit, whisky and beer; the portion of said county and district into which the said liquor was so introduced having been within the limits of the Indian Territory, and a part thereof, prior to the admission of the said state of Oklahoma into the Union as one of the United States of America."

Counsel for defendant in their brief say:

"The language of the indictment to which we directed the demurrer is as follows: 'The portion of said county and district into which the said liquor was so introduced having been within the limits of the Indian Territory and a part thereof prior to the admission of the state of Oklahoma into the Union.'"

And again counsel say:

"It is our contention that the indictment only by inference alleges that the place where the intoxicating liquors were introduced was formerly a portion of the Indian Territory."

We agree with counsel that the indictment is subject to criticism as to form; but defective form does not necessarily render an indictment insufficient. If the indictment contains every element of the offense intended to be charged; if it charges all the facts necessary to enable the defendant to prepare for his defense, and to plead former jeopardy in case he is again indicted for the offense after an acquittal or conviction on the present indictment; if the facts are stated, so that the court may determine whether, if proven, they would constitute in law the offense charged—the indictment will be sufficient, even though it may be defective as to grammar, and even though some element of

the offense is stated loosely and without technical accuracy. R. S. U. S. § 1025 (Comp. St. U. S. 1916, § 1691); Coffin v. U. S., 162 U. S. 664, 16 Sup. Ct. 943, 40 L. Ed. 1109; Harper v. U. S., 170 Fed. 385, 95 C. C. A. 555; Horn v. U. S., 182 Fed. 721, 105 C. C. A. 163; Morris v. U. S., 229 Fed. 516, 143 C. C. A. 584. The indictment in the case at bar was sufficient under the tests stated.

[2] The part of the court's charge to which assignment of error No. 2 relates is as follows:

"Now, the only liquor involved in this case is the liquor which the officers say they found in the car after it crossed the river and when the arrest was made."

The objection made is that this charge practically "excluded the defendant's theory, as well as his testimony." Apparently the defendant's theory, which was supported to some extent by the testimony of the defendant, was that the defendant did put into the automobile in which defendant and his companions made their trip a sack containing beer, but that this beer was all consumed before reaching the state line of Oklahoma, and that the other sack containing the whisky, which was seized by the officers after crossing the line, was placed in the automobile, not by the defendant, but by one of the other occupants of the car. The part of the charge of the court above given must be read in connection with the other portions of the charge immediately accompanying it, and when so read it cannot fairly be said either to have excluded the defendant's theory or the defendant's evidence. The particular portion of the charge mentioned was intended to exclude from the consideration of the jury the question whether the carrying of the beer to the line, or near the line, of Oklahoma, would constitute an offense. The court charged that it would not, and that the only liquor they were to consider as liable to convict defendant was the whisky which was carried across the line. Construed fairly, and in connection with the other parts of the charge, this particular part was in defendant's favor, rather than against him.

[3, 4] Assignment No. 3 covers two instructions requested by defendant and refused by the court. They are as follows:

"You are instructed that under the evidence in this case the court is of the opinion that the same is insufficient to sustain a conviction against the defendant, and you are advised it would be your duty to return a verdict in his favor. * * * You are instructed that if you have a reasonable doubt whether or not the defendant placed the whisky in the car, or caused the same to be placed therein, in which the defendant was riding, then, under the law, you must resolve said doubt in favor of the defendant."

The first of these instructions raises the question whether there was substantial evidence to sustain a verdict and judgment of guilty. It would serve no useful purpose to discuss the testimony of the several witnesses. A careful examination has led us to the conclusion that, though the evidence was conflicting, there was substantial and sufficient evidence to sustain a verdict of guilty. The requested instruction was rightly refused. The requested particular charge on the subject of reasonable doubt was properly refused: First, because the court had fully and accurately covered the matter in the general charge; and, secondly, because the requested charge was misleading,

in that it singled out one matter to which the jury was told to apply the rule of reasonable doubt, namely, the placing of the whisky in the car, thereby unduly emphasizing this particular matter, though it was not a matter vital to the case.

Judgment below is affirmed.