DR. J. H. McLEAN MEDICINE CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 5097.

1. CRIMINAL LAW ☞970(7)—MOTION IN ARREST—INFORMATION.

An information charging defendant made an interstate shipment of drugs misbranded in violation of Food and Drugs Act June 30, 1906, § 8, as amended by Act Aug. 23, 1912 (Comp. St. 1916, § 8724), which alleged false statements were applied by defendant to the article knowingly and in wanton disregard of their falsity, *held* sufficient as against motion in arrest, in view of Rev. St. 1025 (Comp. St. 1916, § 1691).

2. INDICTMENT AND INFORMATION ☞59—SUFFICIENCY.

In view of Rev. St. § 1025 (Comp. St. 1916, § 1691), the allegations of an information need only fairly inform defendant of crime intended to be alleged, and to make available a plea of former acquittal or conviction, if a second prosecution were instituted for the same offense.

3. DRUGGISTS ☞12—MISBRANDING—OFFENSES.

In a prosecution under Food and Drugs Act, § 8, as amended (Comp. St. 1916, § 8724), for misbranding an interstate shipment of drugs, an actual intent to deceive, which may be inferred from the circumstances is essential to conviction, so an instruction that one who makes a statement, not knowing whether it is false, is as guilty as one knowingly making a false statement was erroneous.

4. CRIMINAL LAW ☞823(1)—INSTRUCTIONS—CURE OF ERRORS.

Though a portion of the charge stated the correct rule, error in another portion was not cured, where the jury were left free to follow the erroneous charge, and there was no attempt to correct it.

5. CRIMINAL LAW ☞829(1)—TRIAL—INSTRUCTIONS.

The refusal of a requested instruction was not error, where it was substantially covered by the charge given.

6. CRIMINAL LAW ☞476—EVIDENCE—OPINIONS—EFFECT OF DRUGS.

In a prosecution under Food and Drugs Act, § 8, as amended (Comp. St. 1916, § 8724), for misbranding an interstate shipment of drugs, where physicians testified the drugs were not effective for treatment of disease as asserted by the labels, etc., testimony that there was no difference of medical opinion on the matter was competent, though the individual opinions of such physicians were incompetent.

7. CRIMINAL LAW ☞442—EVIDENCE—DOCUMENTS.

In a prosecution under Food and Drugs Act, § 8, as amended (Comp. St. 1916, § 8724), for misbranding an interstate shipment of drugs, testimonials, etc., are admissible on the question of defendant's good faith, without proof of their execution, etc., where the officer in charge of defendant's business testified he relied thereon, but not where no such reliance was asserted.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. DRUGGISTS ⚖➾12—MISBRANDING—EVIDENCE.

    In a prosecution under Food and Drugs Act, § 8, as amended (Comp. St. 1916, § 8724), for misbranding an interstate shipment of drugs, evidence *held* sufficient to carry to the jury the charge that statements in the labels, etc., were made in reckless disregard of their truth or falsity.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

The Dr. J. H. McLean Medicine Company was convicted of a violation of Food and Drugs Act June 30, 1906, § 8, as amended by Act Aug. 23, 1912, and it brings error. Reversed, and new trial awarded.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error.

W. H. Woodward, Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error, hereafter called the defendant, was convicted of a violation of the Food and Drugs Act of June 30, 1906 (34 Stat. 768, c. 3915, § 8), as amended by the act of August 23, 1912 (chapter 352, 37 Stat. 416 [Comp. St. 1916, § 8724]), under an information charging an interstate shipment of drugs that were misbranded. The information charged that defendant had shipped an article called "Dr. J. H. McLean's Liver and Kidney Balm," and the misbranding charged was with reference to a number of statements made on the label on the bottle, on the carton in which the bottle was contained, and in circulars inclosed with the bottles regarding the curative or therapeutic effects of the medicine, which statements were alleged to be false and fraudulent.

[1, 2] The first assignment of error argued challenges the overruling of a motion in arrest of judgment. The defendant claims that the information states no offense under the statute, because it is not charged that the statements made were known by the defendant to be false and fraudulent. The information alleged that these statements were applied by the defendant to the article knowingly and in reckless and wanton disregard to their truth or falsity. This was a sufficient description, as against a motion in arrest of judgment, of an intent to deceive which made such statements fraudulent. The allegations of the information need only be so specific as fairly to inform the defendant of the crime intended to be alleged, and to make available a plea of former acquittal or conviction, if a second prosecution were instituted for the same offense. Rev. St. § 1025 (Comp. St. 1916, § 1691); Simpson v. United States, 241 Fed. 841, 154 C. C. A. 543; Dosset v. United States, 248 Fed. 902, —— C. C. A. ——.

[3, 4] In the instructions to the jury on the question of the fraudulent character of the statements made by defendant the court inadvertently said that—

"One who makes a false statement, not knowing whether it is true or false, is as guilty of wrong as the man who makes a false statement knowing it is false."

An exception was saved to this instruction. This portion of the charge was erroneous, as it permitted the jury to find that the false statements were fraudulent, although the defendant honestly believed them to be true. In cases of this character there must be proof of an actual intent to deceive, an intent that may be inferred from facts and circumstances, but which must be proved. Seven Cases v. United States, 239 U. S. 510, 36 Sup. Ct. 190, 60 L. Ed. 411, L. R. A. 1916D, 164; Eleven Gross Packages, etc., v. United States, 233 Fed. 71, 147 C. C. A. 141; Samuels v. United States, 232 Fed. 536, 146 C. C. A. 494. Other portions of the charge correctly stated the rule as to the good faith of the defendant, but did not purport to correct the portion of the charge we have quoted, and did not cure the error, for the jury were at liberty to follow the erroneous portion of the instructions. Mills v. United States, 164 U. S. 644, 17 Sup. Ct. 210, 41 L. Ed. 584.

[5] Complaint is made of the refusal of an instruction tendered by defendant to the effect that evidence of the good reputation of the defendant might be considered on the question of its guilt, and might alone be sufficient to raise a reasonable doubt of such guilt. The court gave an instruction that this evidence might be taken into consideration with the other testimony. This was the practical equivalent of the instruction requested, and was sufficient. Sandy White v. United States, 164 U. S. 100, 17 Sup. Ct. 38, 41 L. Ed. 365.

[6] As a part of the government's case some well-qualified physicians were called as witnesses, and asked if a drug composed according to the formula used by defendant in preparing this article would, in their opinions, be effective for the treatment of the diseases for which the defendant's labels and statements claimed it was effective treatment, and, after answering that it would not be effective, they testified that there was no difference of opinion among medical men on that subject. Objections were made to this testimony, and it is urged that it calls for the opinion of the witnesses, for a conclusion that only the jury could properly make, and that no conviction could be based on such matters of opinion. The testimony that there was a general agreement of medical opinion as to the therapeutic effect of such a preparation, and what that general medical opinion was, was properly admitted to show the falsity of the statements made by defendant. Seven Cases v. United States, supra; Eleven Gross Packages, etc., v. United States, supra; Simpson v. United States, supra; Samuels v. United States, supra; Moses v. United States, 221 Fed. 863, 137 C. C. A. 433. The testimony of the physicians as to their individual opinions of the efficacy of the preparation would have been properly rejected, if there had been disclosed a difference of medical opinion on the subject, as a conviction could not properly rest upon a claim of fraudulent statements, when they were based upon mere matters of opinion on such debatable subjects. School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90; Bruce v. United States, 202 Fed. 98, 120 C. C. A. 370. But a mere concurrence

of such witnesses' opinions with the uniform course of medical opinion was not open to that objection.

[7] To combat the theory of the prosecution that the statements of the defendant as to the therapeutic efficacy of its medicine for certain diseases were not founded in honest belief, the defendant offered in evidence a number of testimonials it had received. The defendant's president testified that he was the manager of its business, and had found some of these testimonials in the company's safe when he had taken charge in 1911, and that others came to the company since that time. The government's counsel objected to the offer, because the testimonials had not been shown to be genuine, and because the writers were not shown to have been qualified to state the nature of the disease from which they suffered. The court excluded them, as not competent nor material. The defendant claims they were admissible to show the good faith of the defendant in preparing its challenged statements. If these letters had related to the statements made, and had been seen by the defendant's manager, and he believed them to be genuine, and in that belief he had put forth the statements in issue, they would have been admissible on the question of intent, without proof of their execution, or of the truth of their subject-matter. Harrison v. United States, 200 Fed. 662, 119 C. C. A. 78; 4 Chamb. on Evidence, § 2649. As none of the testimonials are contained in the bill of exceptions, we cannot say that they were pertinent to the particular statements of defendant in issue, and they were not material in any event on this record, because the witness did not testify that he relied upon them. The only question answered by him as to his faith in the medicine was asked "on the basis of those letters or any other information you had." There is no error shown in the exclusion of this line of evidence.

[8] One other assignment of error relied upon, that the court erred in refusing to direct a verdict for defendant because there was no evidence of a fraudulent statement, requires a brief statement of the charge in the information and of the evidence in its support. The information after alleging a misbranding of defendant's medicine by reason of false statements made in reckless and wanton disregard of their truth or falsity, set forth the statements made relating to the curative or therapeutic effects of the medicine for a very large number of diseases. One of the statements will suffice as an illustration, as follows:

"Gall Stones—Dr. J. H. McLean's Liver and Kidney Balm will aid in dissolving the gall stones, so that they may pass away."

The defendant admitted the making of this statement. Competent medical men testified that no known medicine would aid in dissolving gall stones in the human body, and that there was no difference in medical opinion on that subject. There was no evidence to the contrary. The president of the company, who had had the management and conduct of the business since 1911, and had dictated its policy in every way, testified that he did not know and had never attempted to learn the therapeutic action of any of the ingredients of defendant's medicine, and that he was neither a druggist nor a doctor. As heretofore indicated, he based his belief in the general efficacy of the medicine on some source which was not definitely disclosed. The defense

offered evidence to show that the Secretary of Agriculture, a year and a half before that shipment, had notified the defendant that the label on the bottle containing this medicine appeared to be misbranded with reference to the statement about gall stones and about other diseases, because the medicine contained no ingredient capable of producing the therapeutic effects claimed for it. This was sufficient evidence to require the court to submit to the jury the charge made in the information of a reckless disregard of the truth or falsity of the statements. Eleven Gross Packages v. United States, supra; Samuels v. United States, supra; Moses v. United States, supra.

Because of the error in the instructions of the court, the judgment is reversed and a new trial awarded.

HOOK, Circuit Judge (concurring). I think there was also error in excluding the so-called testimonials. It is said they are not in the record, but for the purpose of the point here the name applied to them at the trial discloses their character as clearly as if they were set out in full, and that is sufficient. A testimonial is "a writing or certificate in favor of the value of a thing." As testimonials they were excluded; whereas, if they were relied on wholly or in part, of which there was some testimony, they bore upon the defense of honest belief in the advertised efficacy of the medicine—not very strongly perhaps, but that was for the jury.

Neither of the reasons in support of the ruling below was offered there or here.