## UNITED STATES v. KAY.

### No. 188.

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1939.

F. R. Serri, of Brooklyn, N. Y., for appellant.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

This cause comes to us from a remand of the Supreme Court which vacated the judgment entered in this court, 89 F.2d 19, affirming appellant's judgment of conviction and sentence thereon for violations of § 1467(a) and (e), 12 U.S.C., 12 U.S.C.A. § 1467(a) and (e), 48 Stat. 134, as amended, 12 U.S.C. § 1461 et seq., 48 Stat. 643, 647, Home Owners' Loan Act; 12 U.S.C.A. § 1461 et seq.

We refused to consider the alleged errors contained in the bill of exceptions when this case was here before, for the reason that it had not been settled and filed within the time permitted by Rule 9 of the criminal appeals rules, 28 U.S.C.A. following section 723a. We held that the time to file the bill of exceptions could be extended by the trial judge only within 30 days from the taking of the appeal and hence that extension after the 30 day period had expired was not permissible. We limited our consideration then to the sufficiency of the indictment with particular reference to the constitutionality of the

Home Owners Loan Act. The indictment was held sufficient and the act sustained by us and by the Supreme Court. Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607. The decision in Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976, decided after this court's prior decision, United States v. Kay, 89 F.2d 19, construed Rule 4, of the Criminal Appeals Rules, 28 U.S.C.A. following section 723a, as giving to the Circuit Court of Appeals full supervision and control of the proceedings on appeal, including the proceedings relating to the preparation of the record on appeal. In remanding the case, the Supreme Court suggested that we might exercise the discretionary supervision we thus had. We do so.

Appellant was convicted on two counts, 5 and 15, charging violations of § 1467(a) and on six counts, 8, 12, 14, 20, 24 and 25, charging violations of § 1467(e). Section 1467(a), 12 U.S.Code, 12 U.S.C.A. § 1467(a), provides: "Whoever makes any statement, knowing it to be false, or whoever willfully overvalues any security, for the purpose of influencing in any way the action of the Home Owners' Loan Corporation or the Board or an association upon any application, advance, discount, purchase, or repurchase agreement, or loan, under this Act [chapter], or any extension thereof by renewal deferment, or action or otherwise, or the acceptance, release, or substitution of security therefor, shall be punished by a fine * * * or by imprisonment * * * or both."

The proof sustaining the fifth count established that appellant, the owner of a second mortgage held in the name of another on premises in Brooklyn, had on August 14, 1934, knowingly made a false statement in an instrument giving her consent to the refinancing of this mortgage by accepting in lieu thereof bonds of the Home Owners Loan Corporation for $590, which was stated by her to be in the sum due her upon the second mortgage, whereas in fact she knew the same to be but $285. Appellant, a real estate operator, executed the mortgagee's consent, stating the amount due on the mortgage to be $590. The mortgagor testified that appellant was the mortgagee. Appellant suggested applying for the Home Owners loan, filled out the application, which was signed by the mortgagor who could neither read nor write English. The amount due on the principal was fully established to be $285. Receipts offered showed that the owner

of this second mortgage received interest and payments until February 11, 1934 and that no additional sums were loaned after February 18, 1934. It was suggested, however, by the appellant that lawyer's fees and a charge to her for services be added to the mortgage principal to compute the amount of the loan. Appellant wrote a letter to the Home Owners Loan Corporation purporting to be from the mortgagor urging quick action in granting the loan for the reason that the first mortgagee was causing trouble because of taxes and interest arrears. The first mortgagee was shown not to have been doing so. The jury could find from these facts that the appellant's statement as to the amount due was untrue, and that appellant knew it to be untrue.

Proof as to the 15th count showed a similar fraudulent misstatement by appellant who owned a second mortgage in her own name on property located in Brooklyn. The amount of the principal and interest due on June 4, 1934 was said by appellant in the mortgagee's consent to be $650, whereas only $150 was due. The government witnesses showed that the owner executed a second mortgage for $650 to one Rose Klein, concededly a mere holder for appellant. Further, that appellant was the real party in interest; all the mortgagor's dealings were with appellant. The mortgage was amortized monthly until only $150 remained due in June, 1934. The mortgagee's consent, signed by appellant on June 4, 1934, stated the balance due as $650. The appellant urged the mortgagor to continue the representation of the higher sum due on the mortgage, stating that the Home Owners Loan Corporation would cut it down anyway and that any excess would go to the mortgagor for house improvements. However, the loan was to go from the Home Owners Loan Corporation to appellant, who would pay the necessary fees including $40 for her own services and then remit the balance to the mortgagor. The appellant wrote the Home Owners Loan Corporation a letter purporting to be from the mortgagor asking for speedy action on the loan application in view of a threatened foreclosure. This letter was not sent by the mortgagor. It was elicited on cross-examination that the mortgagor never intended to pay, nor did the appellant tell her she expected to receive any more from the loan than the $150 due on the mortgage. Whether appellant received or intended to receive the fruits of the mis-

statement is irrelevant to a prosecution under § 1467(a). This evidence required the submission of the guilt of appellant to the jury and there was ample evidence to sustain her conviction.

Section 1467(e), 12 U.S.Code as amended, 48 Stat. 647, 12 U.S.C.A. § 1467(e) provides that "No person, partnership, association, or corporation shall, directly or indirectly, solicit, contract for, charge or receive, or attempt to solicit, contract for, charge or receive any fee, charge, or other consideration from any person applying to the Corporation for a loan, whether bond or cash except ordinary fees authorized and required by the Corporation for services actually rendered for examination and perfection of title, appraisal, and like necessary services. Any person * * * violating the provisions of this subsection shall, upon conviction thereof, be fined * * * or imprisoned * * * or both."

The remaining counts charge violations of this section.

■ To sustain the 8th count, the testimony established a contract of July 29, 1934 with the Beyers who owned property in Brooklyn, whereby they were to pay appellant $250 for her services to be rendered for them in securing a loan from the Home Owners Loan Corporation. There were three mortgages on the property; the third, of about $238, was owned by the appellant. Appellant proposed that she would obtain reductions of the first two mortgages and split the reductions equally with the owner and herself. This was refused but later appellant agreed to obtain a loan for the owner for $250 to be paid $10 weekly. Appellant contended this was a fee for obtaining reductions of the mortgages and appellant did arrange for reductions. A special agent of the Home Owners Loan Corporation was present at the negotiations incognito, and corroborated the owner's story and stated that appellant said she was going to charge $250 for getting the home loan. There was testimony that the appellant had done nothing to secure the reductions and what was accomplished in this respect was by one Rudd, an attorney. It was conceded by appellant that at no time was the contract for the $250 filed with or approved by the Home Owners Loan Corporation. Under these facts, the jury was justified in convicting.

■ The appellant's sentences ran concurrently on each count for which she was found guilty, except count 8 on which sentence was suspended. Since we affirm the conviction on counts 5, 8 and 15, we will not consider her errors addressed to the conviction on the remaining counts. Jordan v. U.S., 4 Cir., 60 F.2d 4; Greene v. U. S., 5 Cir., 154 F. 401; Bartholomew v. U. S., 6 Cir., 177 F. 902; Tubbs v. U. S., 8 Cir., 105 F. 59; cf. Claassen v. U. S., 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Goode v. U. S., 159 U.S. 663, 16 S.Ct. 136, 40 L.Ed. 297.

Complaint is made of the charge of the court and refusal to charge in the language requested. We have examined these requests and the modifications thereof made by the court and find that the charge was without reversible error.

■■ It is also assigned as error that the court unduly participated in examining the appellant and restricting counsel's time in summation. These are always matters to be disposed of by the exercise of a sound discretion in the course of a trial. We have examined the record and find there is no just cause for the claim of error in this respect.

Exception is also taken to the summation of the Assistant United States Attorney, but upon examination we find this to be free from error.

Judgment affirmed.