## HARTWELL v. UNITED STATES.

No. 9135.

Circuit Court of Appeals, Fifth Circuit.

Nov. 16, 1939.

Winston F. Groom, of Mobile, Ala., and Horace C. Wilkinson, of Birmingham, Ala., for appellant.

Francis H. Inge, U. S. Atty., of Mobile, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was tried upon an indictment charging him in Counts 1 and 2, with violation of Section 1731(a), Title 12, U.S.C.A., and in Count 3, with violation of Section 338, Title 18, U.S.C.A. The charge of Count 1, drawn under the first sentence of the Section, was in substance that, the defendant Hartwell and another, for the purpose of obtaining from a bank, a mortgage loan to one McGee, in the sum of $2,-500, and with the intent that such loan should be offered to or accepted by the Federal Housing Administration for insurance, falsely and fraudulently stated in writing that the property had been sold to McGee by the defendant Hartwell, for the purchase price of $3300, of which purchase price, $800 had been paid; whereas, the fact was that the property had been sold for $2950 and the amount actually paid was only $450, and the said statement had been made with the intent and purpose of influencing the action of the Federal Administration. The second count drawn under the second sentence of the Section, charged the same acts, and that they had been done for the purpose of influencing the action of the Administration with reference to insuring the loan. The third count charged the same acts as a scheme to defraud and that having devised and entered upon said scheme, the defendant placed and caused to be placed in the mails, a letter addressed to the Bank, containing said false statements. His voluminous grounds of demurrer, 16 to Count 1, 38 to Count 2, and 34 to Count 3 of the indictment, having all been overruled, there was, on May 11, 1939, a general verdict, finding him guilty as charged in the indictment and a judgment and sentence that he pay a fine of $250 and serve a year and a day in a penal institution, the penitentiary sentence to be suspended and defendant placed upon probation for a year and a day upon his paying the fine by June 15, 1939. Defendant gave timely notice of appeal, from the judgment of conviction, paid his fine on the date fixed in the sentence, for its payment and prosecutes his appeal without bill of exceptions and upon assignments that the court erred in overruling his demurrers.

Subject to its motion to dismiss the appeal because filed too late, and because defendant by paying the fine, accepted the judgment and sentence, and abandoned his appeal, the Government joins issue with appellant on the merits, insisting that each count of the indictment sufficiently charged appellant with the commission of an offense. Without discussing the motion to dismiss, other than to say; that the payment of the fine was not, and did not work, an abandonment of the appeal; and that, without regard to whether the assignment of errors was necessary or was timely filed, we have jurisdiction to and will consider the appeal and determine it on its merits, we deny it. [1]

Passing as too unsubstantial for consideration or comment, many of the matters urged in support of the demurrers; that, the indictment should have stated, but did not, that the property on which the loan was to be obtained was eligible for loaning; that the indictment does not allege that the purpose of the defendant, was to improperly influence any action of the Federal Housing Administrator; that the in-

[1] Noland v. United States, 9 Cir., 92 F. 2d 820; Goldstein v. United States, 9 Cir., 73 F.2d 804; Hannon v. United States, 3 Cir., 99 F. 933; Cusemano v. United States, 8 Cir., 85 F.2d 132.

dictment is not sufficiently explicit to exclude the idea that in addition to the $450 paid in cash, $350 was paid in services or in some other way: we turn to a consideration of what seems to be the point most seriously urged. This is that Section 1731 (a),[2] is directed against and embraces within its prohibitions only, the borrower for whom the loan or advance of credit is to be obtained.

■ Whatever might be said in support of such a narrowing construction of the first section of the act under which the offense charged in the first count of the indictment was drawn, "Whoever, for the purpose of obtaining any loan," etc., no warrant whatever can be found for putting such a limitation upon the second sentence of the Act, under which the second count is drawn. This denounces generally, the making of false statements "for the purpose of influencing in any way the action of the Administration." But, we think it plain, that the act must be considered as a whole and in the light of the purposes and objectives it was designed to achieve, and that so considered to place upon it, a construction which would limit its scope to borrowers alone, is an unreasonable narrowing of its scope and effect. In the Kay case,[3] the statute prescribing that whoever willfully undervalues any security for the purpose of influencing the action of the Home Owners Loan Corporation shall be punished by fine or imprisonment or both, was held to extend to and embrace within its prohibitions, a person standing in precisely the same situation as to the loan sought there, as Hartwell stands to the loan in question here. But, if we are wrong in these views as to the validity of the first and second counts, this will not avail appellant, for convicted on a general verdict

and given a sentence which could have been imposed under any one of the three counts, his conviction must stand if he was properly charged with an offense on the third count drawn under the Mail Fraud statutes. Woods v. United States, 5 Cir., 174 F. 651; Baldwin v. United States, 5 Cir., 238 F. 793.

■ Against this count, appellant levels no substantial grounds of demurrer, presents no meritorious assignment. We regard as little more than frivolous the assignment, that the charge of the count is that the defendants devised a scheme to defraud the National Housing Administration, instead of charging that the scheme was to defraud the Federal Housing Administration, Hogue v. United States, 5 Cir., 192 F. 918; and that the indictment does not set out the letter or show in what way it could have aided in carrying out the scheme. Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; United States v. Herzig, D.C., 26 F.2d 487; Hill v. United States, 5 Cir., 73 F.2d 223; Muench v. United States, 8 Cir., 96 F.2d 332.

■ Nor does appellant stand much better on the point which seems to be his main reliance, the failure of the indictment to allege that a stamp was placed on the letter when it was deposited in the mails. Putting aside the fact that on the record defendant stands convicted upon a trial entirely errorless if the indictment charged an offense, and that a reversal cannot be had without showing some substantial injury resulting from the matters of which he complains, it is clear under the authorities, that an allegation that the letter was stamped, was not necessary to the statement of the offense. Butler v. United States, 10 Cir., 53 F.2d 800; Mackett v. United States, 7 Cir., 90 F.2d 462; Smith v. United States, 5 Cir.,

---

[2] "Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by the said Administration, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of the said Administration under this chapter, makes, passes, utters, or publishes, or causes to be made, passed, uttered, or published any

statement, knowing the same to be false, or alters, forges, or counterfeits, or causes or procures to be altered, forged, or counterfeited, any instrument, paper, or document, or utters, publishes, or passes as true, or causes to be uttered, published, or passed as true, any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be punished by a fine of not more than $3,000 or by imprisonment for not more than two years, or both."

[3] United States v. Kay, 2 Cir., 89 F. 2d 19; Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607; United States v. Kay, 2 Cir., 101 F.2d 270.

362

61 F.2d 681; Wolpa v. United States, 8 Cir., 86 F.2d 35.

█ While it is certainly true that a valid indictment cannot be dispensed with as a predicate to conviction where an indictment is necessary, Grimsley v. United States, 5 Cir., 50 F.2d 509, it is also true that the practice of fine combing indictments for verbal and technical omissions is no longer countenanced in the courts, and that a substantial compliance with the purpose of an indictment to acquaint the defendant with the offense of which he stands charged, so that he can prepare his defense and protect himself against double jeopardy, is sufficient.[4] The indictment complained of complies fully with the rule.

The judgment is affirmed.

---

4 Jelke v. United States, 7 Cir., 255 F. 264, at pages 274, 275; McLean Medicine Company v. United States, 8 Cir., 253 F. 694; Hill v. United States, 4 Cir., 42 F. 2d 812; Asgill v. United States, 4 Cir., 60 F.2d 780; Butler v. United States, 10 Cir., 53 F.2d 800; Brady v. United States, 8 Cir., 24 F.2d 397.