THE COUNTY COMMISSIONERS OF CALVERT COUNTY *vs.*
FRANCIS GANTT.

*Action to Recover over-payments by Tax collector—Evidence—
Reversible error.*

In an action by a tax collector against County Commisssioners to
recover alleged over-payments arising from his having turned
over to a trustee uncollected taxes in excess of the amount due
by him on account of taxes in his hands as collector, the defend-
ant may show that part of the taxes turned over to such trustee,
and which the plaintiff claimed as credits against the defendant,
could not be collected.

The refusal to allow a proper and pertinent question to be answered,
is reversible error, although the object for which the evidence
was offered is not stated, and it does not appear from the record
what would have been the answer of the witness.

The refusal to allow a witness to answer a question which is proper,
relevant, and material, is sufficient ground for the reversal of a
judgment, where the question itself, suggests the object and pur-
pose for which it was asked, though the record does not show
what the answer would have been.

APPEAL from the Circuit Court for Prince George's
County.

This suit was instituted in the Circuit Court for Cal-
vert County, and on the suggestion and affidavit of the
appellee, it was removed to the Circuit Court for Prince
George's County, where it was tried. The case is stated
in the opinion of this Court.

*First Exception,* fully stated in the opinion of the
Court.

*Second Exception.*—The defendant proposed to ask the
witness, John F. Ireland, Jr., the following question:
"What did you do with the amounts handed you for

collection by Mr. Gantt?" This question, upon objection by the plaintiff, the Court (Full Bench,) refused to allow, the witness having testified that he had settled with the County Commissioners in full for said taxes, and had gotten their receipt therefor, and a "bill in bar" having been offered in evidence by the defendant, showing the payments which had been made by the witness, which "bill in bar" was testified to by the Clerk to the County Commissioners as correct. The defendant excepted, and appealed the verdict and judgment being for the plaintiff.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, and McSHERRY, J.

*John B. Gray*, and *James S. Wilson*, (with whom was *C. C. Magruder*, on the brief,) for the appellant.

*James W. Owens*, and *Daniel R. Magruder*, for the appellee.

The Court of Appeals cannot reverse the ruling of a lower Court unless it can see from the record, that the party really has ground for exception, and may have been injured by what was done. *Lawson vs. Price*, 45 *Md.*, 123, 133; *Baltimore and Yorktown Turnpike Road vs. Crowther*, 63 *Md.*, 558, 568; *Baltimore and Yorktown Turnpike Road vs. State*, 63 *Md.*, 573, 581; *Taylor vs. Brown*, 65 *Md.*, 366, 371; *Wilson vs. Merryman*, 48 *Md.*, 328, 341; *Buschman & Cook vs. Codd*, 52 *Md.*, 202, 210; *Anders vs. Devries, et al.*, 26 *Md.*, 222, 227; *Ramsay & Jenkins vs. Glass, et al.*, 9 *Gill*, 56, 61; *Thompson vs. First Natl. Bank of Toledo*, 111 *U. S.*, 530, 536; *Railroad Co. vs. Smith*, 21 *Wall.*, 255, 261; *Packet Company vs. Clough*, 20 *Wall.*, 528, 542.

There is nothing in the record to show the pertinency or materiality of the excluded testimony to the issues before the jury; the appellant must show injury.

ROBINSON, C. J., delivered the opinion of the Court.

This is an action of *assumpsit* brought by the plaintiff to recover money alleged to be due to him by the defendants, the County Commissioners of Calvert County.

Charles G. Spicknell was, it appears, appointed collector of taxes for the third district of Calvert County for the years 1886 and 1887, and having been elected County Commissioner, the plaintiff was appointed by the Circuit Court trustee to complete his collections.    The plaintiff was also appointed by the Commissioners collector of taxes for the years 1888 and 1889, and upon his being elected a member of the Legislature in 1889, John F. Ireland was appointed by the Circuit Court trustee to complete his collections, and to complete the collection of taxes in his hands as trustee of Spicknell.

The plaintiff testified that, at the time of the appointment of Ireland trustee, he, the plaintiff, was owing to the County Commissioners, on account of uncollected taxes, the following sums:—for the year 1886 the sum of $1,765.70, for the year 1887 the sum of $2,326.44, for the year 1888 the sum of $2,832.66, and for the year 1889 the sum of $5,266.06.    He further testified that he turned over to Ireland, trustee, the following uncollected balances: $674.70 for the year 1886, and $1,407.86 for the year 1887, and $2,772.47 for the year 1888, and $6,868.63 for the year 1889.    He then proved sundry other credits, to which he claimed to be entitled, and these credits, and the uncollected taxes turned over to Ireland, trustee, it is claimed, exceeded the amount due by the plaintiff to the defendants on account of taxes in his hands as collector, and as trustee of Spicknell. And this suit is brought to recover this alleged excess in over-payments by the plaintiff to the defendants. Now the defendants having proved by Ireland, trustee, that he had settled in full with the defendants for all

taxes in his hands for collection, and had their receipt for the same, proposed to ask the witness, Ireland, the following question: "Mr. Gantt, the plaintiff, has stated that he turned over to you for the year 1886 the sum of $694.70, for the year 1887, the sum of $1,407.86, for the year 1888, the sum of $2,772.47, for the year 1889, the sum of $6,868.63, as balances in his hands for collection. State if collectible tax bills for said amounts were turned over to you." And upon objection being made by the plaintiff, the Court refused to allow the witness to answer the question. The question is, it seems to us, a proper and pertinent question, and we do not see on what grounds the objection to it can be sustained. The plaintiff himself had testified that as collector and as trustee of Spicknell, he had turned over to the witness, as trustee, uncollected taxes for those years amounting in the aggregate to a sum exceeding, say twelve thousand dollars, and it was for these uncollected taxes thus turned over to the witness, that the plaintiff sought to charge the defendants. And, such being the case, the defendants had the right beyond all question to prove by the witness that the plaintiff had not, in fact, turned over to him *collectible* tax bills—that is to say, tax bills which the witness could collect, amounting to the sum testified to by the plaintiff. It may have been that some of the tax bills which were turned over to the witness had, in fact, been paid to the plaintiff, or that some of them were against insolvents, the payment of which could not be enforced, or that some of them were barred by the Statute of Limitations, and that the persons against whom they were charged had plead the Statute as a bar to the collection. Be that as it may, it was competent for the witness to prove that part of the taxes turned over to him, and for which the plaintiff sought to charge the defendants, were not, in fact, tax bills which the witness could collect. This is not an action to recover taxes

against persons as charged upon the tax books, and the evidence was offered merely for the purpose of proving that part of the taxes turned over to the witness, and for which the plaintiff claimed as credits against the defendants, were taxes which could not be collected. And for this purpose the evidence was, we think, admissible.

But then it is argued that if there was error in not allowing the witness to answer, the judgment ought not to be reversed, because the defendants did not state the object for which the evidence was offered, nor does it appear from the record what would have been the answer of the witness. Now, if the question was in itself proper and pertinent it was quite unnecessary for the defendants to state the purpose for which it was offered. The record does not, it is true, show what would have been the answer to the question, and this the record could not show, for the reason that the witness was not allowed to answer the question. In *Lawson vs. Price*, 45 *Md.*, 123; *Baltimore and Yorktown Turnpike Road vs. Crowther*, 63 *Md.*, 558; *Baltimore and Yorktown Turnpike Road vs. State*, 63 *Md.*, 578, and other like cases relied on by the appellee, the Court, against the objection of the other side, allowed the witness to answer the question, but the exception taken to the ruling of the Court did not contain or set out the answer or evidence of the witness, and it was held that the Court could not reverse the judgment, unless it appeared that some injury had been done to the party excepting to the ruling of the Court. "For aught that appears," said the Court in these cases, "the answer of the witness may have been wholly unimportant or immaterial." But in this case the exception is to the ruling of the Court in refusing to allow the witness to answer the question. And as the question was in every sense, it seems to us, a proper question, the judgment must be reversed.

We do not see, however, how the defendants were injured by the ruling in the second exception. The witness had already testified that he had paid to the Commissioners the taxes collected by him, and it was quite unnecessary to prove the same fact again by the same witness.

*Judgment reversed, and*
*new trial awarded.*

(Decided 23rd November, 1893.)

A motion for a re-hearing of the foregoing case was made by the appellee on the 6th of January, 1894. The motion was granted, and the case was re-argued on notes as ordered by the Court.

The cause was re-argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, MCSHERRY, and BOYD, J.

*John B. Gray,* and *John Prentiss Poe, Attorney-General,* for the appellants.

*James W. Owens,* and *Daniel R. Magruder,* for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

We have fully considered the grounds relied on in the re-argument of this case, and see no reason why the opinion heretofore filed should be changed or modified. Gantt, the plaintiff, had been collector of State and county taxes for Calvert County, and testified he turned over to Ireland, trustee, the balance of uncollected taxes in his hands, amounting, say, to twelve thousand dollars.

Having proved that Ireland, as trustee, had settled with them in full for all the taxes placed in his hands by Gantt, the plaintiff, the defendants then asked the witness, Ireland, the following question:

"Mr. Gantt has stated that he turned over to you for the year 1886, the sum of $694.70; for the year 1887, the sum of $1,407.86; for the year 1888, the sum of $2,772.47; and for the year 1889, the sum of $6,868.63, as balances in his hands for collection. State if collectible bills for said amount were turned over to you."

The question was in itself *proper, relevant, and material* for the purpose of contradicting Gantt, and to show that he had not in fact turned over to the witness uncollected taxes to the amount testified by him. But the contention is that although the question was a proper one, and there was error in refusing to allow the witness to answer it, such error is no ground for the reversal of the judgment, because the record does not show what would have been the answer, and for aught that appears to the contrary the defendants were not injured by the refusal. But how could the record show what the answer would have been when the witness was not allowed to answer it? But then it is said the record ought to show what the defendants expected to prove by the witness. In answer to this, it is sufficient to say that the question in itself suggests the object and purpose for which it was asked, namely, to contradict Gantt who had testified that he turned over to witness uncollected taxes to the amount of twelve thousand dollars. The question being pertinent and material, and the object of it being plain and obvious, the witness ought to have been allowed to answer it. If the witness had been allowed to answer it, how far and to what extent his answer may have influenced the jury in the verdict, no one can say. Suppose for instance a witness is called to prove the execution of an instrument of writing, and he is asked whether or not he saw the parties sign it. Can it be said in such a case that the refusal of the Court to allow the witness to answer the question is no ground for the reversal of the judgment, because it does

not appear what his answer would have been, and the Court cannot therefore say the party was injured? To such a contention we cannot agree.

We have said in a number of cases that where a witness *is allowed to answer* a question against the objection of the other side, the judgment will not be reversed unless the record shows what the answer was, for the reason that in the absence of the answer the Court cannot say the party was injured. Judgments will not be reversed unless the Court can see that the party has suffered injury by the error complained of. And it was also said in *Taylor, et al. vs. Brown, et al.,* 65 *Md.,* 366, and *Blumhardt vs. Rohr,* 70 *Md.,* 328, that the refusal to allow a witness to answer a question was not in itself sufficient to justify the reversal of the judgment, unless the record sets forth either the purport or effect of the answer. The questions in both of these cases were mere *side questions,* and do not seem to have been fully considered by the Court. In *Taylor's Case* I prepared the opinion for the Court, and upon further consideration we all agree that what was said by the Court in these cases cannot be supported on principle. There is, we all agree, a broad distinction in a case where the witness is allowed, and one in which the Court refuses to allow him, to answer a question. In the former to justify the reversal of the judgment the record must show what was said by the witness, to the end that the Court may see whether there was an injury to the party. In the latter, if the question be revelant and material, and the Court can see that the answer would affect the issues before the jury, the refusal to allow the witness to answer it is in itself a sufficient ground for the reversal of the judgment.

The case of the *Packet Company vs. Clough,* 20 *Wallace,* 528, was decided under the rule of that Court in regard to the assignment of error as to *the admission or rejection of evidence.*

As to the second exception, the witness had already said that he had settled in full with the County Commissioners for all the taxes placed in his hands by the plaintiff, and had their receipts in full. It did not seem to us there was error in refusing to allow the witness to answer the same question again.

(Filed 19th June, 1894.)