## UNITED STATES v. CHICHESTER CHEMICAL CO. (two cases).

(Court of Appeals of District of Columbia. Submitted March 5, 1924. Decided May 5, 1924. Rehearing Denied May 24, 1924.)

Nos. 4021, 4022.

1. **Trial** ⊛45(3)—**Error to exclude answer to proper question, notwithstanding omission of tender of expected answer.**

Where a witness is asked a question in proper form, which clearly admits of an answer relevant to issues favorable to party calling him, excluding answer is error, notwithstanding omission of tender of expected answer by party propounding question, though court in its discretion or on motion may require statement of facts proposed to be proved by answer.

2. **Evidence** ⊛556—**Physician may testify as to consensus of medical opinion.**

In a libel for misbranding packages of pills under Food and Drugs Act, § 8, as amended (Comp. St. § 8724), a physician may testify as to the consensus of medical opinions relative to therapeutic value of drugs.

3. **Druggists** ⊛11—**Refusal of request as to effect of false statement held proper.**

In a libel for misbranding packages of pills, under Food and Drugs Act, § 8, as amended (Comp. St. § 8724), refusal of a request to instruct that persons who deal in compositions alleged to be curative are in a position to have superior knowledge, and if the statements in their booklet are false the jury may infer that they were fraudulently made, held proper.

4. **Trial** ⊛260(1)—**Refusal of request covered by charge held not error.**

Refusal of request covered by general charge held not error.

Appeal from the Supreme Court of the District of Columbia.

Separate libels, tried together, by the United States against the Chichester Chemical Company, proprietor and vendor of what is known as "Chi-Ches-Ters, Diamond Brand, New Style Pills," for con-

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

demnation and destruction of certain packages of pills. Judgment for respondent, and the United States appeals. Reversed, and cases remanded for a new trial.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for the United States.

Charles H. Merillat and Henry E. Davis, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. The United States filed two separate libels seeking the condemnation and destruction of certain packages of pills, bearing the name of "Chi-Ches-Ters, Diamond Brand, New Style Pills," which were shipped from the city of Philadelphia into the District of Columbia. The government averred that they were misbranded in violation of section 8 of the Food and Drugs Act (34 Stat. 771, as amended 37 Stat. 416 [Comp. St. § 8724]), in that each package inclosed a booklet with representations that the pills possessed great curative properties in the treatment of divers female diseases therein specified, among them amenorrhea, whereas in fact they contained no ingredients or combination of ingredients capable of producing the therapeutic effects claimed, and the representations were false and fraudulent.

In the answer the claimant company denied all of the incriminatory allegations of the libel. The two cases were tried together, with a verdict and judgment for the respondent. The government has appealed. There are virtually but two assignments of error submitted by the appellant—the first relating to the exclusion of certain evidence at the trial; the second to the court's refusal to deliver to the jury a certain instruction which was requested by the appellant.

At the trial the government called Dr. John Thomas Kelley, Jr., as a witness, for the purpose of examining him as a medical expert, and accordingly began to interrogate him respecting his qualifications as such, whereupon the respondent's counsel interposed the following statement:

"Unless you are concerned about it, you need not go any further in qualifying Dr. Kelley. Everybody knows his qualifications."

The government accordingly discontinued the voir dire examination, and proceeded with the direct examination in chief. The witness testified that none of the ingredients of the pills in question would be of any aid in the treatment of any of the conditions causing amenorrhea, except sulphate of iron in the case of anemia, if given in doses of a grain or two grains, two times a day, over a period of several months. He was then asked by counsel for the government if that was the consensus of medical opinion. This question was objected to by counsel for the respondent, as follows:

"He cannot answer that question. He can only testify as to what he knows. * * * He cannot speak of a medical opinion—the consensus of the medical opinion—any more than you can speak of the consensus of the opinion of the bar."

The trial court sustained the objection, and the government excepted. Other similar exceptions were saved by the government in the course of the trial. The record justifies the conclusion that these objections were not addressed to the qualification of the witness, nor to the form of the questions, but were intended and understood by both court and counsel as relating only to the character of the proposed evidence, the claim being that the "consensus of medical opinion" was not a competent subject of proof under the issue. These rulings of the trial court are now assigned as errors.

[1] It is true that the government's counsel did not tender the answers which they expected the witness to give in response to the questions, but we think that the government nevertheless is entitled to prosecute the assignment upon this appeal. The question whether a tender of the proposed testimony is necessary, in order to obtain a review upon appeal of a refusal to admit it, has been variously decided. But in the federal courts the rule is established that, when a witness testifies in person at the trial, and is asked a question in proper form, which clearly admits of an answer relevant to the issues and favorable to the party calling him, it is error for the trial court to exclude it, notwithstanding the omission of a tender of the expected answer by the party propounding the question, although of course the court, in its discretion, or on motion, may require the party, in whose behalf the question is put, to state the facts proposed to be proved by the answer. This rule prevails also in many state courts, notably in Maryland. Buckstaff v. Russell, 151 U. S. 626, 14 Sup. Ct. 448, 38 L. Ed. 292; Stanley v. Beckham, 153 Fed. 152, 82 C. C. A. 304; Harris v. Brown, 187 Fed. 6, 109 C. C. A. 60; Commissioners v. Gantt, 78 Md. 286, 28 Atl. 101, 29 Atl. 610; Robinson v. Old Colony Ry., 189 Mass. 594, 76 N. E. 190; Londonderry v. Fryor, 84 Vt. 294, 79 Atl. 46.

In the case of Buckstaff v. Russell, supra, Mr. Justice Harlan, speaking for the Supreme Court of the United States, said:

"If the question is in proper form and clearly admits of an answer relevant to the issues and favorable to the party on whose side the witness is called, it will be error to exclude it. Of course, the court, in its discretion, or on motion, may require the party, in whose behalf the question is put, to state the facts proposed to be proved by the answer. But, if that be not done, the rejection of the answer will be deemed error or not, according as the question, upon its face, if proper in form, may or may not clearly admit of an answer favorable to the party in whose behalf it is propounded."

We have not overlooked the opinions in De Forest v. United States, 11 App. D. C. 458, Turner v. American Security & Trust Co., 29 App. D. C. 460, and McCurley v. National Savings & Trust Co., 49 App. D. C. 10, 258 Fed. 154; but we regard the foregoing rule of practice as authoritative, and as especially applicable to this case, since the prior testimony of the witness herein made it apparent what answer the interrogating counsel expected from him. 3 Corpus Juris, p. 827, "Appeal and Error."

[2] The only remaining inquiry is whether the excluded question did in fact clearly admit of an answer relevant and material to the issue and favorable to the government's contention, or in other words

whether the "consensus of medical opinion," if there was one, in respect to the therapeutic properties of the ingredients of the pills, was competent evidence in the case. In answer to this we may say that the weight of authority sustains the view that such evidence is competent and material in support of a charge like this, brought under the Food and Drugs Act. This rule doubtless rests in part upon the view that Congress did not intend by the act to condemn honest differences of opinion between different medical schools relative to the therapeutic value of drugs in the practice of medicine. Seven Cases v. United States, 239 U. S. 510, 517, 36 Sup. Ct. 190, 60 L. Ed. 411, L. R. A. 1916D, 164. In Eleven Gross Packages v. United States, 233 Fed. 71, 73, 147 C. C. A. 141, 142, which, like this, was a libel under the Food and Drugs Act, the Circuit Court of Appeals, Third Circuit, said:

In support of its case, the government called several witnesses, physicians of proven ability, knowledge, and experience, who testified that the pill would not, and why it could not, have any beneficial effects in locomotor ataxia and the other diseases named. They also testified to the fact that medical opinion was unanimous in so saying. * * * It is complained, however, that the testimony of these witnesses was not competent, being a mere expression of their personal opinions or views. But an examination of the proofs shows that the case was wholly different from one where witnesses were testifying to their personal views upon a controverted question of opinion. The testimony here was of fact, namely, that there was general, uncontroverted consensus of opinion.

In McLean Medicine Co. v. United States, 253 Fed. 694, 696, 165 C. C. A. 288, 290, an indictment under the same act, the Circuit Court of Appeals, Eighth Circuit, said:

"As a part of the government's case some well-qualified physicians were called as witnesses, and asked if a drug composed according to the formula used by defendant in preparing this article would, in their opinions, be effective for the treatment of the diseases for which the defendant's labels and statements claimed it was effective treatment, and, after answering that it would not be effective, they testified that there was no difference of opinion among medical men on that subject. Objections were made to this testimony, and it is urged that it calls for the opinion of the witnesses, for a conclusion that only the jury could properly make, and that no conviction could be based on such matters of opinion. The testimony that there was a general agreement of medical opinion as to the therapeutic effect of such a preparation, and what that general medical opinion was, was properly admitted to show the falsity of the statements made by defendant."

See Simpson v. United States, 241 Fed. 841, 844, 154 C. C. A. 543; Kar-Ru Chemical Co. v. United States (C. C. A.) 264 Fed. 921.

We hold, accordingly, that it was error for the trial court to exclude the questions propounded by the government's counsel.

[3, 4] The other assignment of error is based upon the refusal of the court to deliver the following instruction to the jury:

"The jury are instructed that persons who deal in substances or compositions alleged to be curative are in a position to have superior knowledge, and if the jury find that the statements in the booklet offered in evidence as set forth in the amended libels are false, they may infer that such statements were fraudulently made."

This assignment is overruled, first, because the general charge of the court sufficiently covered the subject dealt with by the instruction, and, next, because the instruction seems to invite the jury, should they find the representations to be false, to infer from that fact alone that they were also fraudulent, whereas a finding of fraud by the jury should only be reached after a consideration and comparison of all the facts disclosed by the evidence. It is claimed by the appellant that the instruction is supported by the language of the court in Seven Cases v. United States, supra. It is true that it paraphrases certain parts of that opinion, but these were not intended to serve literally as instructions to the jury.

The judgments below are reversed, and the cases remanded for a new trial.

This case was decided prior to the death of the late Chief Justice. Motion for reargument denied May 24, 1924.