## STAFFORD v. AMERICAN SECURITY & TRUST CO.

### No. 5455.

Court of Appeals of District of Columbia.
Argued Dec. 7, 1931.
Decided Dec. 21, 1931.

Fred B. Rhodes and Cooper B. Rhodes, both of Washington, D. C., for appellant.

Frederic D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal by the caveator from a judgment upon a directed verdict sustaining the will (dated September 24, 1924) of Alice M. Keys, who died on March 15, 1930. The caveatee (appellee here), American Security & Trust Company, is named as executor.

The caveator testified that he had not seen or corresponded with testatrix during the last thirty years of her life. His wife testified that she had not seen testatrix subsequent to 1900. Another witness stated that she had not come in contact with the testatrix until more than four years after the will was executed. These witnesses did not testify as to any of the issues involved.

Thereupon Dr. Henry R. Schreiber took the stand as a witness for the caveator. He testified that he was the attending physician of testatrix and that he had a record "of the salient points" of the case. When asked to state what was shown by that record, counsel for caveatee objected. A colloquy ensued, and the court finally ruled that the doctor could not "testify to anything that he learned from her while he was her physician and saw her as her physician." To this ruling an exception was noted.

It is the general rule that a tender of proposed testimony is necessary in order to obtain a review upon appeal of a refusal to admit it (McCurley v. National Savings & Trust Co., 49 App. D. C. 10, 12, 258 F. 154; King v. Davis, 54 App. D. C. 239, 242, 296 F. 986; Herencia v. Guzman, 219 U. S. 44, 46, 31 S. Ct. 135, 55 L. Ed. 81); but in the federal courts when a witness testifies in person and is asked a question in proper form which clearly admits of an answer relative to the issues and favorable to the party calling him, a tender of the expected answer is not necessary, unless the court in its discretion requires such a tender. United States v. Chichester Chemical Co., 54 App. D. C. 370, 372, 298 F. 829; Buckstaff v. Russell, 151 U. S. 626, 14 S. Ct. 448, 38 L. Ed. 292.

In Hutchins v. Hutchins, 48 App. D. C. 495, 500, we ruled that section 1073 of the D. C. Code, c. 854, 31 Stat. 1358 (section 20, tit. 9, D. C. Code, 1929), "renders a physician an incompetent witness in the District of Columbia to testify concerning confidential information acquired while attending a patient in his professional capacity." We further ruled that the question whether the facts upon which a conclusion or opinion of the physician is founded are

within or without the limitations of the statute is for the court. In other words, where the relationship of physician has obtained and the testimony of the physician is sought, the party seeking that testimony should, out of the presence of the jury, make a tender of proof, that the court may determine whether the proffered testimony is within or without the limitations of the statute.

██ In the present case no such offer was made. Obviously, the ruling that the physician could not testify to anything he learned from the testatrix "while he was her physician and saw her as her physician" was correct, and this is the ruling to which an exception was noted. No offer of proof having been made, it must be assumed that the knowledge of the witness was based upon the relationship of physician and patient.

There being no evidence before the jury in respect of any of the issues involved, the court properly directed a verdict for the caveatee.

Judgment is affirmed, with costs.

Affirmed.