## In re COTTRILL'S ESTATE.

No. 58197.

District Court of the United States for the District of Columbia.

July 7, 1941.

Ralph A. Cusick and Kenneth B. Hamilton, both of Washington, D. C., for caveators.

Chapin B. Bauman and John H. Burnett, both of Washington, D. C., for caveatee.

PINE, Associate Justice.

Caveatee has moved the court to enter a judgment in accordance with caveatee's motion for a directed verdict at the close of all the evidence or in the alternative to grant a new trial.

## Motion to Enter Judgment.

The court directed a verdict in favor of the caveatee on all issues framed except the issue of testamentary capacity, and submitted that issue to the jury.

At the trial caveators offered, and the court admitted, testimony of lay witnesses who, first having testified in respect of their opportunity to observe the speech and other conduct of the testatrix, gave their opinion that the testatrix was not of sound and disposing mind and was incapable of executing a valid deed or contract. The caveatee offered, and the court admitted, testimony of lay witnesses to the con-

trary. There is therefore no basis for granting caveatee's motion to enter judgment in accordance with his motion for a directed verdict.[1] It is accordingly denied.

### Motion for New Trial.

■ There was no error in permitting the lay witnesses for the caveatee to express an opinion as to the unsoundness of the mind of the testatrix. The court followed the rule laid down in Turner v. American Security & Trust Co., 213 U.S. 257, 29 S.Ct. 420, 53 L.Ed. 788.

■■ There was no error in refusing to permit the witness Grube to state whether or not she would waive the physician's privilege. This witness was a niece of decedent and was named as beneficiary in a prior will of decedent, which will had been filed in the office of the Register of Wills. She joined in the caveat filed by her mother. Sec. 20, T. 9, D.C.Code (1929), provides that no physician shall be permitted without the consent of the person afflicted, or his legal representative, to disclose any information, confidential in nature, which he shall have acquired in attending a patient in his professional capacity.

Mrs. Grube was not a "legal representative" within the meaning of this section. Thompson v. Smith, 70 App.D.C. 65, 103 F.2d 936, 123 A.L.R. 76. No legal representative had been appointed in this case. Until appointed, no authority exists to waive the privilege. McCartney v. Holmquist, 70 App.D.C. 334, 106 F.2d 855, 126 A.L.R. 375. An answer by the witness Grube as to whether she would or would not waive the privilege was therefore irrelevant and objection to the question was properly sustained.

■ There was no error in permitting the issues herein to be tried by a jury without a demand for a jury trial having been filed pursuant to Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Sec. 62, T. 29, D.C.Code (1929), provides that whenever any caveat shall be filed issues shall be framed under direction of the court for trial by jury provided that in all cases in which all persons interested are sui juris and before the court the issues may be tried and determined by the court without a jury upon the written consent of all such parties. No such written consent was filed in this cause.

Sec. 81 of the Federal Rules of Civil Procedure provides that they do not apply to probate proceedings in the District Court of the United States for the District of Columbia except to appeals therein. Therefore, Sec. 38, as such, of the Federal Rules of Civil Procedure in relation to jury trials and demand therefor and waiver thereof, is not applicable to will contests in the District of Columbia and did not have the effect of repealing Sec. 62, T. 29 of the Code, supra, under the Act approved June 19, 1934, 48 Stat. 1064, T. 28, §§ 723b, 723c, U.S.C.A., providing that all laws in conflict with the Federal Rules of Civil Procedure shall be of no further force or effect.

The District Court Rules, promulgated in 1938 to supplement the Federal Rules of Civil Procedure, provide in sec. 2 of Rule 1 thereof that in the determination of contested issues of law or fact or of law and fact in probate proceedings, these rules and the Federal Rules of Civil Procedure shall also govern the procedure on motions, depositions, discovery and testimony and at the hearing or trial of such issues. Assuming that the District Court under its own rule making power (sec. 51, T. 18, D. C.Code 1929) has authority to modify sec. 62, T. 29 of the Code, supra, to conform to sec. 38 of the Federal Rules of Civil Procedure in relation to trial by jury, I am of the opinion that sec. 2 of Rule 1 does not purport to do so. An intent to exercise such power would need to be shown more explicitly than by the general language of this rule of the District Court which was obviously intended to furnish a guide for conduct of probate controversies where such guide was not already specified by statute. It follows that sec. 62, T. 29 of the Code, supra, providing for trial by jury of issues as to wills is still in full force and effect and that the failure to demand a jury trial in this case is not a waiver of the right to a jury trial. This view is in accordance with the uniform practice heretofore followed.

I have considered the other points raised by the motion for a new trial and do not find they justify the granting of this motion. The motion for a new trial is accordingly denied.

---

[1] Cunning v. Cooley, 281 U.S. 90, 91, 94, 50 S.Ct. 231, 74 L.Ed. 720; Jackson v. Capital Traction Co., 69 App.D.C. 147, 148, 99 F.2d 380; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628.