**CALHOUN v. JACOBS et al.**

No. 8588.

United States Court of Appeals
District of Columbia.

Argued Feb. 10, 1944.

Decided April 3, 1944.

Mr. William R. Lichtenberg, of Washington, D. C., with whom Messrs. Otho D. Branson and Samuel Barker, both of Washington, D. C., were on the brief, for appellant.

Mr. George E. C. Hayes, of Washington, D. C., for appellees.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a suit by a grantor's heirs to set aside, on the ground of the grantor's mental incapacity, a conveyance of real property to a stranger. Over the objection of the grantee, the heirs were allowed to prove by medical testimony and hospital records that the grantor was insane. The grantee appeals from a judgment in favor of the heirs. The only question we need consider is whether the testimony and records should have been excluded because of a statute which provides that "no physician or surgeon shall be permitted, without the consent of the person afflicted, or of his legal representative, to disclose any information, confidential in its nature, which he shall have acquired in attending a patient in a professional capacity and which was necessary to enable him to act in that capacity  *  *  *."[1]

The statute is plainly intended to protect the interests of the patient, not those of persons with whom he deals. Accordingly it permits him and does not permit them to waive the physician's disqualification. It would pervert the statute to permit them to insist upon the disqualification, to the prejudice and over the objection of persons who stand in the patient's shoes. Under statutes which make no mention of a "legal representative," the heirs of the patient have often been permitted to exercise the patient's privilege of waiver in order to enforce a substantive right which descended from the patient to his heirs.[2]

---

[1] D.C.Code, 1940, § 14—308. Cf. In re Cottrill's Estate, D.C., 39 F.Supp. 689.

[2] Shornick v. Shornick, 25 Ariz. 563, 220 P. 397, 31 A.L.R. 159; Flack v. Brewster, 107 Kan. 63, 190 P. 616; Gorman v. Hickey, 145 Kan. 54, 64 P.2d 587; Sprouse v. Magee, 46 Idaho 622, 269 P. 993; In re Thomas' Estate, 165 Wash. 42, 4 P.2d 837, affirmed on rehearing, 165 Wash. 61, 7 P.2d 1119.

730

■■■ The inclusion in the District of Columbia statute of the term "legal representative" does not weaken, but strengthens, the position of the heirs. The term, as used in the statute, refers to the persons who are entitled to enforce the particular substantive right of the patient which is involved in a particular case. Since the substantive right involved in this case is the right to avoid a deed, the persons entitled to enforce the right are the heirs. Accordingly they may exercise, as against a stranger, the patient's privilege of waiver. A duly appointed executor,[3] though not one merely nominated in a will,[4] may exercise the privilege, in a case in which it is the executor who stands in the patient's shoes. But this does not imply that the heirs may not exercise it when they stand in the patient's shoes and there is no controversy between them and the executor.[5] As compared to an executor, an heir "is at least equally interested in preserving the ancestor's reputation, and * * * has an equal moral claim to protect the deceased's property-rights from unwarranted diminution."[6] In this case there was no executor nor occasion for one, since the deceased left no personal estate.

Affirmed.

[3] Thompson v. Smith, 70 App.D.C. 65, 103 F.2d 936, 123 A.L.R. 76.

[4] Hutchins v. Hutchins, 48 App.D.C. 495; Labofish v. Berman, 60 App.D.C. 397, 55 F.2d 1022, distinguished on this ground in Thompson v. Smith, supra; McCartney v. Holmquist, 70 App.D.C. 334, 106 F.2d 855, 126 A.L.R. 375.

[5] We have no occasion to consider the relative rights of the heirs and the executor in such a controversy. Cf. Hutchins v. Hutchins, 48 App.D.C. 495; Stafford v. American Security & Trust Co., 60 App.D.C. 380, 55 F.2d 542.

[6] 8 Wigmore, Evidence, 3d Ed. 1940, § 2391. Cf. 31 A.L.R. 167, 177; 126 A. L.R. 380, 382.