**SORRELS et al. v. ALEXANDER et al.**

No. 8615.

United States Court of Appeals
District of Columbia.

Argued May 10, 1944.

Decided June 5, 1944.

Mr. Harry T. Whelan, of Washington, D. C., with whom Mr. Herbert P. Leeman, of Washington, D. C., was on the brief, for appellants.

Mr. Joseph A. Kaufmann, of Washington, D. C., with whom Messrs. Alvin L. Newmyer and Edward Stafford, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, C. J., and MILLER and ARNOLD, JJ.

PER CURIAM.

This is an appeal from a judgment in favor of caveators (appellees) in a will contest. There were two principal issues submitted to the jury,—one, whether testatrix at the time of making and signing the will was of sound and capable mind; and two, was the will obtained or procured by undue influence, duress or coercion. The jury answered the first issue no, the second, yes.

We have read the testimony of the witnesses and are of the opinion that there was substantial evidence on which the court might properly submit the two queries to the jury. In this view, while we might have reached a different result, we may not on that account substitute our guess for that of the jury.

Three additional errors claimed to have occurred at the trial are urged as grounds of reversal,—

■ First: In the refusal of the court to permit the attorney for testatrix to testify concerning instructions given him by testatrix. The ground of rejection was that the communication was privileged. We think this was clearly wrong, but this of itself is not enough. A reversal on this ground would be proper only if it is shown that the exclusion was harmful. There is nothing in the record to show what was intended to be elicited from the witness, or the time when the instructions were received,—whether at the time of writing the will, prior thereto or after that event. And because we do not know what evidence the witness would have given, there is a complete failure to show that the exclusion affected the substantial rights of the party in whose behalf it was offered. In such circumstances the error must be ignored. Rule 43(c), of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The second is: The refusal of the court to strike the testimony of a witness who was permitted to use her notes to refresh her memory, when it developed on cross-examination that some of the notes were not made until two years after the events about which she testified. A short answer to this is that counsel failed to object to the use of the notes by the witness when the witness herself asked if she might use them, and later when it developed that they had not been made contemporaneously, counsel not only failed to move that her testimony be stricken from the record, but, on the contrary, used her notes in argument to the jury. There is consequently nothing before us on this point to justify our granting relief.

■ The third point arises out of this state of affairs: When counsel for the testatrix was on the witness stand it developed that he had held in his possession, and not offered for probate for a period of two weeks, the wills of testatrix's brother-in-law and sister. The court remarked that " * * * when a last will and testament is left with an attorney to be filed, it ought to be filed immediately. I never heard of any other procedure." It is claimed that this remark of the court was prejudicial. We think it was, perhaps, untimely, for we can readily understand that there are many circumstances in which it is necessary and proper to withhold a will from probate for a short time, and nothing suggested in the mere fact of withholding, of itself, indicated any improper motive on the part of counsel. But it does not follow that what the judge said was necessarily prejudicial. It related to a wholly different situation than that which the jury were sworn to try and concerned the wills of people other than the testatrix, and the judge in his subsequent charge to the jury left them free to determine, without comment on his part, the weight to be given to the evidence. We cannot think that anything he said on this purely collateral matter could have influenced their decision. We, therefore, are of opinion that none of the points made will justify a reversal of the judgment.

Affirmed.