492

### BOORSTEIN v. DOUGLAS.
### No. 471.

Municipal Court of Appeals for the
District of Columbia.

March 5, 1947.

Herman Miller, of Washington, D. C.,
for appellant.

M. M. Doyle, of Washington, D. C. (S.
Albert Mickler, of Washington, D. C., on
the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Justice.

Appellant was defendant in an action for
possession of an apartment. The lease be-
tween the parties contained a covenant that
the tenant would not "sublet the said apart-
ment or any part thereof, nor transfer pos-
session or occupancy thereof, to any person
or persons * * * nor assign this lease"
without the written consent of the landlord.
Plaintiff claimed this covenant had been
violated, and on that ground she sued for
possession. No evidence was presented
showing subletting or assignment of the
lease, but plaintiff claimed defendant had
transferred "possession or occupancy" to a
brother and his family. A jury returned
a verdict in favor of the landlord, and the
tenant appeals.

According to the landlord and her wit-
ness, the tenant telephoned the landlord
stating that he was going to move to Cali-
fornia for his health and that if he liked it
he would stay there permanently, and re-
quested permission to rent the apartment
to someone else; the landlord replied that
she would not consent to the tenant sublet-
ting the apartment or putting anyone else
in it; the tenant then said he would put
anyone in and rent the premises to whom-
ever he pleased whether she liked it or not.
Subsequently the tenant departed and his
family left about three weeks later. One
of the tenant's brothers, with a wife and
child, remained in possession of the apart-
ment. The tenant himself did not appear at
the trial, but two of his brothers and his
sister-in-law took the witness stand in his
behalf.

The only errors urged have to do
with the admission and exclusion of evi-

dence. The first error claimed was the refusal of the trial court to strike a statement by the landlord on direct examination to the effect that the tenant had "moved." Subsequently it developed that she had not herself witnessed the departure but had received the information from the elevator operator in the building. Tenant's counsel then moved to strike the landlord's original statement on the ground that it was hearsay, but the trial court let the evidence stand. Immediately afterwards the elevator operator herself appeared as a witness and testified that she had seen the tenant and his wife and child leaving the apartment; also that the moving took three days; that she had seen lumber of the kind used for making crates going into the apartment; that she had seen barrels or drums and crates taken out of the apartment, along with a bicycle; and that a large truck or moving van, and a smaller truck had taken the goods away. Since the elevator operator testified of her own knowledge, the admission of testimony to the same effect by the landlord, although hearsay, was not prejudicial error.

The other principal errors claimed on behalf of the tenant were the refusal of the trial court to permit testimony regarding the arrangements under which one of defendant's brothers and his family were occupying the apartment. One of the brothers testified that upon his discharge from the Army he and his family had left Philadelphia and had come to live with the tenant in the apartment; that shortly thereafter the tenant left and went west for his health; that the furniture in the apartment belonged to the tenant and that the witness had not bought it; also that he had not paid rent to the tenant; also that the drums taken out of the apartment held only dishes and the personal linen and clothing of the tenant's family; and that all of the other furniture and equipment of the tenant remained in the apartment. The witness was then asked what his "arrangements" were with the tenant regarding possession and occupancy, whether he had a written agreement or an oral agreement with the tenant, and "under what circumstances he was living in the apartment," whether he owned any furniture and, if so, where it was located. The witness' wife was asked similar questions and also "whether the tenant was going to return to Washington." Another brother also was asked if he knew of the "arrangements" regarding the occupancy of the apartment. The trial judge sustained plaintiff's objections to all of these questions. We must hold the rulings erroneous.

Plaintiff established her prima facie case when she proved that the tenant had moved from the apartment, temporarily or otherwise, leaving his brother in occupancy. It then became the duty—and the right—of defendant to meet plaintiff's case by showing, if he could, that the occupancy of his brother was such as not to constitute a violation of the lease. Therefore the questions as to the arrangements between the brothers regarding possession and occupancy, whether the brother in possession had an oral or written agreement with the tenant, and the circumstances under which he was living in the apartment, were all proper. By shutting off all inquiry on the subject the trial court denied defendant the right to explain the nature and circumstances of the brother's possession, whether it was a mere permissive, transient occupancy, or a complete and permanent taking over of possession. In a word, defendant was denied the right to answer plaintiff's charge of transfer or subletting. This we must hold was error.

Nor is the error neutralized by the fact that there was no offer by defendant to disclose what the answers would have been if the court had permitted answers. Under the circumstances of this case we think such a tender of testimony was not essential.

In United States v. Chichester Chemical Co., 54 App.D.C. 370, 298 F. 829, 831, it was said:

"The question whether a tender of the proposed testimony is necessary, in order to obtain a review upon appeal of a refusal to admit it, has been variously decided. But in the federal courts the rule is established that, when a witness testifies in person at the trial, and is asked a question in proper form, which clearly admits of an answer relevant to the issues and favorable to the party calling him, it is error for the trial court to exclude it, notwithstanding

the omission of a tender of the expected answer by the party propounding the question, although of course the court, in its discretion, or on motion, may require the party, in whose behalf the question is put, to state the facts proposed to be proved by the answer. This rule prevails also in many state courts, notably in Maryland. (Citations)"

The rule above stated was reaffirmed in Stafford v. American Security & Trust Co., 60 App.D.C. 380, 55 F.2d 542, and we do not understand that Municipal Court Rule 39(b), which is substantially the same as Federal Rule of Civil Procedure 43(c), 28 U.S.C.A. following section 723c, makes any change in the principle above enunciated. Meaney v. United States, 2 Cir., 112 F.2d 538, 130 A.L.R. 973. Cf. Sorrels v. Alexander, 79 U.S.App.D.C. 112, 142 F.2d 769.

According to the record there was no suggestion either by the court or by plaintiff's counsel, that defendant should make a proffer for the record, of the answers to the rejected questions. Under all the circumstances we have concluded that the rejection of the testimony was so serious as to have taken away the right of defense, that it could not have failed to affect the jury's verdict, and that appellant is entitled to have his case tried anew.

Reversed.

CLAGETT, Associate Judge, (dissenting).

The sole issue on this appeal is whether the trial court erred in sustaining objections to various questions asked by defendant's attorney of defendant's two brothers and a sister-in-law.

The tenant himself was not present at the trial. One of the brothers, with his family, was living in the apartment rented by plaintiff to defendant and had been there more than 30 days. This brother was asked what were his "arrangements" with the tenant regarding possession and occupancy, whether he had a written agreement or oral agreement with the tenant, and "under what circumstances he was living in the apartment." This witness' wife was asked "whether the tenant was going to return to Washington." The other brother was asked similar questions. To all of these questions objections were made and sustained.

Landlord's counsel urged that the excluded replies of the witnesses necessarily would have involved recital of statements, oral or written, from the tenant and thus would have violated the hearsay evidence rule and the rule against self-serving declarations. Tenant's counsel, on the other hand, urged that the testimony sought to be adduced tended to establish a fact upon which the tenant relied and as such was admissible under one of the exceptions to the hearsay rule.

I believe that the case is governed by decisions of the United States Supreme Court, of the United States Court of Appeals and of this court to the effect that an offer of proof should have been made by plaintiff's counsel and that in the absence of such offer no basis is contained in the record for a finding of error.

We are left totally in the dark as to what tenant's counsel expected the witnesses to say or what the defense to the action was, and I believe that we should not speculate as to the nature of such answers or defense. Some of the questions obviously called for inadmissible answers. For example, when one of the witnesses was asked whether the tenant was going to return to Washington, she could have replied only in reliance upon communications from defendant. This would have been the clearest sort of hearsay. Again, when the brother in possession was asked to state "under what circumstances he was living in the apartment," he *might* have testified as to his own plans, how long he expected to stay, etc. If that was what he would have replied, the answer would have been admissible. But he could also have replied by reciting conversations with the absent tenant, which would have been inadmissible as hearsay and self-serving.[1] To my mind the entire line of ques-

[1] Murphy v. New York & Cuba Mail S. S. Co., 50 App.D.C. 341, 273 F. 305; Wynkoop v. Shoemaker, 37 App.D.C. 258; Halsey, Stuart & Co. v. Farmers' Bank,

tioning indicates it was the latter sort of reply that was expected. To say, therefore, that the questions *admitted* of admissible answers. to my mind involves guesswork.

As was stated by the United States Court of Appeals in McCurley v. National ·Savings & Trust Co., 49 App.D.C. 10, 12, 258 F. 154, 156, the omission to make offer of proof is vital to the assignment of error: "A ruling of the court that a question propounded by a party to his own witness should not be answered must be followed by an offer of the testimony expected, or by something which would clearly indicate it, if it is desired to reserve the point for review in this court." (Citing cases including De Forest v. United States, 11 App.D.C. 458, 460; Turner v. American Security & Trust Co., 29 App.D.C. 460, 469.) "We are unable to say in the present case whether or not the forbidden testimony would be favorable or unfavorable to the plaintiff. We might ·assume that it would support her case, ·*but we are not permitted to do this.* There is no presumption that the court erred. Appellant, if she would succeed here, must establish error affirmatively. Cliquot's Champagne, 3 Wall. 114, 140, 18 L.Ed. 116; Sturges v. Carter, 114 U.S. 511, 522, 5 S.Ct. 1014, 29 L.Ed. 240; Bear Lake, etc., Co. v. Garland, 164 U.S. 1, 25, 17 S.Ct. 7, 41 L.Ed. 327." (Emphasis supplied.)

This court followed the same rule in Shlopak v. Davison, D.C.Mun.App., 34 A. 2d 126, 127: "We think the offer of proof should have been made, not to meet a technical requirement but to lay the foundation for an affirmative showing of error."

United States v. Chichester Chemical Co., 54 App.D.C. 370, 298 F. 829, 832, cited as authority by my colleagues, did not change this rule. It was participated in by Chief Justice Smyth, who wrote the opinion in the McCurley case. The only interrogatory at issue in the Chichester Chemical case was one asked of a physician called by the government as to whether an opinion expressed by him repre-

sented the "consensus of medical opinion." The question could be answered only yes or no, and, since the witness was called by the government, there was not the slightest doubt as to what answer was expected. The court sustained the objection and on appeal it was urged that the government should have made a tender of the expected reply. Overruling this contention, the Court of Appeals quoted the statement relied upon · by the majority here that, "If the question is in proper form and clearly admits of an answer relevant to the issues and favorable to the party on whose side the witness is called, it will be error to exclude it."

Authority for the statement quoted by the United States Court of Appeals was Buckstaff v. Russell & Co., 151 U.S. 626, 636, 14 S.Ct. 448, 38 L.Ed. 292. But in that case also the excluded. questions were asked of a party to the suit and concerned damages suffered and conversations with an agent of the opposing party. Thus, while the exact answers were not known in advance, the trial judge clearly could determine their admissibility without an offer of proof. The decision of the Supreme Court, therefore, was entirely appropriate under such circumstances but in my opinion has no bearing upon the present case.

On the contrary, in a much later case, Herencia v. Guzman, 219 U.S. 44, 46, 31 S.Ct. 135, 136, 55 L.Ed. 81, the Supreme Court dealt with the refusal of the trial court to admit certain testimony of a physician in a personal injury case. The court, speaking through Mr. Justice Hughes, said: "Manifestly, the judgment cannot be set aside because of this ruling, for it does not appear what testimony the witness was expected to give, or that he was qualified to give any."

Stafford v. American Security & Trust Co., 60 App.D.C. 380, 55 F.2d 542, also cited by my colleagues, clearly, I think, supports the view I take of this case. There a physician was asked a question, a reply to which would have involved in-

---

3 Cir., 37 F.2d 476; Standard Oil Co. v. Murray, 214 Mich. 299, 183 N.W. 55; Emmons v. McCreery, 307 Pa. 62, 160 A. 722;

5 Wigmore, Evidence, (3d Ed. 1940) § 1420. See also Earle Restaurant, Inc. v. O'Meara, App.D.C.( 160 F.2d 275.

formation gained by him from a deceased person. He was not permitted to answer. The United States Court of Appeals for the District of Columbia said, 60 App.D.C. at page 381, 55 F.2d 542, 543:

"In other words, where the relationship of physician has obtained and the testimony of the physician is sought, the party seeking that testimony should, out of the presence of the jury, make a tender of proof, that the court may determine whether the proffered testimony is within or without the limitations of the statute.

"In the present case no such offer was made. Obviously, the ruling that the physician could not testify to anything he learned from the testatrix 'while he was her physician and saw her as her physician' was correct, and this is the ruling to which an exception was noted. No offer of proof having been made, it must be assumed that the knowledge of the witness was based upon the relationship of physician and patient."

Sorrels v. Alexander, 79 U.S.App.D.C. 112, 142 F.2d 769, 770, also cited by the majority, in reality supports, as I understand it, the same principle. In that case the trial court refused to permit an attorney to testify concerning instructions given him by a deceased person. The ground of rejection was that the communication was privileged. The appellate court said: "We think this was clearly wrong, but this of itself is not enough. A reversal on this ground would be proper only if it is shown that the exclusion was harmful. There is nothing in the record to show what was intended to be elicited from the witness, or the time when the instructions were received,—whether at the time of writing the will, prior thereto or after that event. And because we do not know what evidence the witness would have given, there is a complete failure to show that the exclusion affected the substantial

rights of the party in whose behalf it was offered. In such circumstances the error must be ignored." The court cited Rule 43(c) of the Federal Rules of Civil Procedure, which is substantially the same as Municipal Court Rule 39(b).

The same rule was followed by the United States Court of Appeals in Steger v. Cameron, 71 App.D.C. 202, 109 F.2d 347, 350, in which the opinion was written by Mr. Justice Vinson, now Chief Justice of the United States, and participated in by Chief Justice Groner and Mr. Justice Stephens. The trial court in that case, having sustained an objection to a hypothetical question, an exception was taken and relied upon on appeal. The appellate court said: "Since the record contains no indication of the nature of the hypothetical question *or any suggestion as to the response it would have elicited,* we are not in a position to determine whether the court erred in ruling that the question need not be answered."[2] (Emphasis supplied.)

The present case was tried before a jury. Under such circumstances the approved practice is for the attorney asking the question to make an offer of proof to the court out of the presence of the jury. The court can then determine whether the response expected is admissible. The contrary practice almost certainly would result in getting before the jury improper evidence, the effect of which could never be eliminated from their mind. A defendant, as the majority says, is entitled to make his defense; he may not do so, however, by the use of inadmissible evidence. Here we have no foundation for knowing whether the evidence excluded was or was not admissible. Thus, as I see it, there is no ground for a conclusion of error.

I believe that the judgment below should be affirmed.

---

[2] To the same effect see Origet v. Hedden, 155 U.S. 228, 235, 15 S.Ct. 92, 39 L. Ed. 130; Price v. United States, 5 Cir., 68 F.2d 133, 135, and cases cited therein; Gantz v. United States, 8 Cir., 127 F.2d 498, 503, and cases cited in footnote 6 thereto wherein it is stated that "The general rule is that a ruling rejecting testimony is not reviewable in the absence of an offer of proof."