The **UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Albert ROVIARO, Defendant-Appellant.**

**No. 11616.**

United States Court of Appeals Seventh Circuit.

Feb. 7, 1956.

Rehearing Denied March 7, 1956.

Maurice J. Walsh, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Chester E. Emanuelson Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

In a trial before the court without a jury, defendant was found guilty upon the two counts of an indictment charging that he (1) on August 12, 1954, sold to one John Doe heroin in violation of 26 U.S.C. § 2554(a), and (2) on the same date, in the city of Chicago, knowingly received, concealed and facilitated the transportation, after importation, of heroin in violation of 21 U.S.C.A. § 174. The court entered a general sentence, ordering defendant imprisoned for two years and fined.

Upon appeal, defendant aserts error in that the court (1) denied his petition for a bill of particulars disclosing the home address and occupation of John Doe; (2) unduly limited the cross-examination concerning the identity of the said Doe;

and (3) wrongfully denied his request for production of a report of Narcotic Agent Durham.

 In support of the first two alleged errors defendant urges that, inasmuch as Count I charged sale of narcotics by defendant to John Doe, the latter became more than a mere informer but an active participant in the transaction, as the purchaser of the contraband goods. He recognizes the rule that if the person named is only "an informer and nothing more" defendant is not entitled to have the identity disclosed; but he insists that, where the so-called informer is an active participant in the illegal transaction, the defendant is entitled to full disclosure of the identity of the participant, and cites in support of his argument, Sorrentino v. United States, 9 Cir., 163 F.2d 627; United States v. Conforti, 7 Cir., 200 F.2d 365; Portomene v. United States, 5 Cir., 221 F.2d 582. However, in view of our conclusions, we find it unnecessary to decide whether the facts at bar bring the case within the authorities cited, inasmuch as it is undisputed that John Doe was not a participant in defendant's illegal possession charged in Count II. This we think will be clear from a brief review of the undisputed evidence.

 Both Agent Durham and Police Officer Bryson witnessed the transactions involved in the charges of Count II, Officer Bryson from the trunk of a Cadillac automobile where he was concealed, and Agent Durham from a point a short distance away from defendant. Each saw defendant go to a certain tree, pick up a package, and carry it to the Cadillac. This package, when analyzed, was found to contain heroin. John Doe had nothing to do with defendant's illegal possession or carriage of the package; he was not a participant in any sense of the word, in defendant's procurement and transportation of the package. Proof of his identity would not have shed any light at all upon the undisputed, illegal acts of defendants, United States v. Li Fat Tong, 2 Cir., 152 F.2d 650, 652; for the latter's

possession and carriage of the package alone furnished *prima facie* evidence of guilt under Count II and left him with the burden to prove that he possessed the narcotics lawfully. United States v. Li Fat Tong, 152 F.2d 650, at page 652, and cases there cited. Indeed, such is the express provision of 21 U.S.C.A. § 174. See United States v. White, 7 Cir., 228 F.2d 832 and cases there cited. It follows, then, that since the evidence of guilt upon Count II is undisputed, and under it, John Doe was in no wise implicated with the illegal possession of defendant, any question of his identity is wholly immaterial on this charge.

 It follows also that, inasmuch as the sentence was general and guilt under Count II is sufficient to support the sentence, it is, as we have pointed out, immaterial as to whether error intervened as to Count I, for it has long been established that if a sentence does not exceed that which may lawfully be imposed under any single count, the judgment must be affirmed, if the evidence is sufficient to sustain any one of the counts. Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; Sinclair v. United States, 279 U.S. 263, at page 299, 49 S.Ct. 268, 73 L.Ed. 692; Brooks v. United States, 267 U.S. 432, at page 441, 45 S.Ct. 345, 69 L.Ed. 699; United States v. Iacullo, 7 Cir., 226 F.2d 788, 795–796.

We have remaining the question of whether the trial court committed prejudicial error in refusing defendant's request for production of Agent Durham's alleged written report to the Narcotics Division. This question arose upon defendant's cross-examination of Durham, who testified that he found the package of contraband wares picked up by defendant and deposited by him in the automobile. The captured narcotics were, for safe-keeping, preserved in a sealed manila envelope, which was produced and introduced in evidence. It bore a label in Agent Field's handwriting, stating that the narcotics had been "found by Officer Jas. L. Bryson," and was witnessed by Agents Field and Durham and Officers

Bryson and Sims. This label, of course, was not evidence; it was added, after the event, merely for purposes of identification.

■ To our minds, it was wholly immaterial as to who found the package. The sworn testimony of Bryson and Durham is not at variance. The two searched the automobile before defendant deposited the package therein. Bryson sat in the trunk, the lid of which was propped partly ajar. After the car was parked, defendant appeared in his Pontiac. He then got in the automobile in which Bryson was concealed, which was then driven to the place where the violation was observed. There Durham saw defendant get out of the car, leaving the door open, proceed a short distance to a tree, stoop down, pick up a package, take it to the automobile, and place it therein. When he left, Durham walked to the car and there saw the package and picked it up. He wrapped it in a handkerchief and gave it to Officer Bryson who delivered it to the chemist. Bryson testified that he lifted the trunk lid slightly, and observed defendant go to the tree, pick up the package, return to the car, and then depart. He testified that Durham then reported to him that he could come out, and that he emerged and saw that Durham had the package in his hand. Later he witnessed the label on the envelope with the other agents and officers. Thus, it appears undisputed that both Durham and Bryson saw defendant pick up the package, which proved to be heroin. Both saw him carry it to the car where Bryson was concealed. Both saw him in sole possession of the narcotics. Both participated in their preservation. In this situation, we think it wholly unimportant and immaterial as to whether Field noted on the envelope that the narcotics were found by Bryson or whether the others so indicated. The envelope was employed to keep the narcotics safely, not to supply evidence as to which officer first saw defendant in possession, Inasmuch as the label was wholly immaterial, of course, to have compelled a report to be produced, merely because it was asserted that in some way it might possibly contradict an immaterial matter, would have been improper.

■ Furthermore, as the Supreme Court said in Goldman v. United States, 316 U.S. 129, 132, 62 S.Ct. 993, 995, 86 L.Ed. 1322: "We think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them. * * * a large discretion must be allowed the trial judge. We are unwilling to hold that the discretion was abused in this case." See also United States v. Lightfoot, 7 Cir., 228 F.2d 861, and other cases there cited.

Then, too, we think there was no sufficient showing of the materiality of the report. In United States v. Bookie, 7 Cir., 229 F.2d 130, we had occasion to consider a similar situation. There defendant, in the course of the trial, made a demand for production of a report of the arresting officers to their superiors. This the court denied. We held that such action did not constitute prejudicial error, for the reason that there was no showing that the report contained evidence material or relevant to the issues in the cause, citing United States v. Chichester Chemical Co., 54 App.D.C. 370, 298 F. 829, and Moffatt v. United States, 8 Cir., 232 F. 522. We remarked that nothing in the Acts of Congress or the Federal Rules of Criminal Procedure, 18 U.S.C. requires "a court to permit such a fishing expedition in the course of a trial." So here the witness had not made use of or relied upon the report. Defendant made no showing that anything therein was in conflict with the witness' testimony or that the document contained anything material or relevant to the cause. Consequently, it was well within the discretion of the trial court to deny the demand. Nothing in Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447, conflicts with this conclusion, for there, as the court pointed out at page 418, adequate showing had been

made that the document contained evidence material and relevant to the issues on trial.

For the reasons stated, the judgment is

Affirmed.